## MILBURN v. COMMISSIONERS OF GLYNN COUNTY.

1. Section 343 of the Political Code requires that every contract made with a county shall be in writing and entered on the minutes of the officers intrusted with county matters.  A person who has made a valid written contract with the county authorities has a legal right, though he may be a non-resident of the State, to have the contract entered on such minutes.  If the proper county authorities fail or refuse to make the entry, the judge of the superior court should by mandamus, when no issue of fact is involved, compel them to do so.  Under the facts of the present case, it was error to refuse to make the mandamus absolute.

2. That a suit was brought on the contract and dismissed on demurrer on the ground that there was no allegation that the contract had been entered on the minutes will not deprive the party of his right, by mandamus, to compel the proper authorities to make the entry.  Whether a plea of res judicata to a second suit upon the contract, after the same has been entered on the minutes, and with an allegation that the entry has been made, would or would not be good, is not now decided.

Submitted October 17, — Decided October 31, 1900.

Petition for mandamus.　Before Judge Bennet.　Glynn county. July 10, 1900.

*W. E. Kay*, for plaintiff.　*A. L. Franklin*, for defendants.

SIMMONS, C. J.　Section 343 of the Political Code requires that all contracts entered into by county authorities with other persons, in behalf of the county, must be in writing and entered on their minutes.　It appears that Milburn made a contract with the board of commissioners of roads and revenue of Glynn county, to furnish plans and specifications for a court-house in that county, and to supervise the work upon the court-house during its erection.　This contract was in writing, but was not entered on the minutes of the board.　Milburn applied to the board to have the contract entered upon the minutes, alleging that at the time it was made it would have been so entered but for the oversight or negligence of the clerk of the board.　The commissioners refused to have the entry made, and Milburn sued out a writ of mandamus against them.　The commissioners answered by alleging that the question was res judicata, inasmuch as Milburn had already brought against them his action on the contract, and the courts had decided that he had no cause of action; that it was therefore unnecessary to comply with his request and place the contract on the minutes; that such entry could not now avail him anything.　The court refused to make the mandamus absolute, and Milburn excepted.

We think that this decision was erroneous.　It was not disputed that the contract had been duly made with Milburn.　That being so, it was the duty of the commissioners, at the time of the execution of the contract, to have it entered upon the minutes.　Having failed to do this, they were under a duty, when they learned of the omission, to have the correction made and to amend their minutes nunc pro tunc so as to make them speak the truth.　' It is the unvarying practice of courts of law and of equity to correct their minutes whenever properly called upon to do so by any one interested.　It is done as a matter of duty on the part of the court, and as a matter of right on the part of the one interested.　Of course, the correction is so made as not to interfere with the rights of third parties which have arisen before the correction.　In the present case the amendment of the minutes should not have been refused simply because Milburn had brought suit upon his contract and

been defeated.   It appeared on the hearing of this application for
mandamus that Milburn was defeated solely on the ground that
this contract had never been entered upon the minutes of the board
of commissioners.   A demurrer to his declaration was sustained by
the trial judge, and the ruling affirmed in this court, upon that
theory only.   Whether Milburn can, after the amendment of the
minutes, bring another action upon the contract, is not now decided.
What we do decide is that Milburn is interested in having the min-
utes corrected, and is entitled to a mandamus absolute, requiring
the commissioners to make their minutes conform to the truth.

   *Judgment reversed.   All concurring, except Little, J., absent.*