### JAMES *v.* DOUGLAS COUNTY.

BECK, J. Under the law now embraced in the Political Code, §343, and in view of the construction placed upon the provisions of section 527 of the Code of 1868, relating to the same subject-matter, by this court in *Pritchett* v. *Inferior Court*, 46 *Ga.* 462, and in more recent cases where the ruling in that case has been followed, a petition in an action against a county, founded upon an alleged contract, is not good unless it affirmatively avers that such contract was entered upon the minutes of the proper authorities in charge of the financial affairs of the county. *Milburn* v. *Glynn County*, 109 *Ga.* 473 (34 S. E. 848); *Holliday* v. *Jackson County*, 121 *Ga.* 310 (48 S. E. 947); *Jones* v. *Bank of Cumming, ante*, 191 (62 S. E. 68), and cit.

                       *Judgment affirmed. All the Justices concur.*

Argued January 16,—Decided August 13, 1908.

Equitable petition. Before Judge Kimsey. Douglas superior court. May 22, 1907.

James brought his equitable petition against the County of Douglas, seeking an injunction against the enforcement of a certain tax fi. fa., and praying judgment for the sum of $300, alleged to be due him as fees for certain services performed by him as an attorney at law, under a contract of employment by the county. It was alleged that petitioner performed the services contemplated under the contract of employment, and that the county received the benefit of the services so rendered. It does not appear that the contract was entered upon the minutes of the authorities having charge of the financial affairs of the county, nor even that it was in writing. The petition was dismissed upon demurrer. The injunction had been previously denied; and the question as to whether it was properly denied is not before the Supreme Court, as no exception to the ruling of the superior court upon that question was filed.

*W. A. James,* for plaintiff.