*Adams & Camp,* contra.

---

WEATHERS, commissioner, *et al. v.* EASTERLING.

1. Where the commissioners of roads and revenues of Evans County, in behalf of the county, entered into a contract in writing with another person to perform certain services for the county at a stipulated price, it was the duty of such commissioners to enter the contract on their minutes; and the failure of such commissioners to enter the contract on their minutes would not relieve their successors in office from doing so.

2. A person can not enforce a contract between a county and an individual, by suit or otherwise, unless such contract is entered on the minutes of the proper county authority executing the contract on the part of the county.

3. Where such contract as specified in headnote 1 is prima facie legal, and the successors in office of the commissioners fail and refuse to enter the contract upon their minutes, they may be compelled by mandamus to do so; and this act on their part would not prevent them, in an action by the plaintiff to enforce the contract, from setting up any legal defense they may have as to the invalidity of the contract, if any.

No. 2831. JUNE 15, 1922.

Mandamus. Before Judge Sheppard. Evans superior court. September 3, 1921.

*E. C. Elmore* and *R. M. Girardeau,* for plaintiffs in error.

*W. G. Warnell,* contra.

HILL, J. J. A. Easterling brought a petition for mandamus against George A. Weathers, R. M. Girardeau as clerk, Elie Mitchell, and Elzie Sapp as chairman, constituting the board of commissioners of roads and revenues for the County of Evans, and alleged that it is legally incumbent upon the board, as an official duty and statutory requirement, when they have entered into a written contract for and on behalf of the county, to cause the same to be spread upon the minutes of their court. On June 7, 1920, plaintiff in good faith entered into a just and legally binding written contract with the County of Evans acting through and by its board of commissioners of roads and revenues, who have since been succeeded by the present board named above, to supervise the construction of certain approaches, bridges, and such other work as may be necessary in carrying out work at Canoochee River in

Evans county, known as Projects F. A. 52, S-1-6 and 7. It is alleged that the contract provided that the party of the first part (the county) should pay to the party of the second part (plaintiff) the sum of $325 per month for such services, and that the party of the second part should begin work as soon as the necessary material could be gotten together. The work is to be carried out according to the plans and specifications of said projects now on file in the office of the county commissioners of Evans County, which plans have been approved by the highway department of the State of Georgia. The party of the second part agrees to continue on the job until the same has been completed according to the plans and specifications, and the party of the first part agrees to pay him for his services at the above-named rate until the job is completed according to the plans and specifications. The wages to be paid monthly on the first of each month, beginning with the first of the month after the work has been commenced. The party of the second part may be called upon to do some small amounts of work in connection with the main work, and he is to be paid in the same proportion therefor that he receives while on the main job or project. It is alleged that the contract is one in respect of county business, and is required by law to be spread upon the minutes of the board; which contract the board has not spread upon its minutes, although the law requires it to be done. A breach of the contract is alleged, and the plaintiff claims that he has a just and legal cause of action against the board, arising out of an alleged breach of the contract, and that as a condition precedent to bringing suit against the board for any liability under the contract the contract must first be spread upon the minutes of the board of commissioners. A refusal to spread such contract upon the minutes of their court is alleged, although they have been requested to do so; and until this official duty and statutory requirement has been complied with by the board, plaintiff alleges that he is without legal remedy to enforce his rights under the contract. He therefore prays that a mandamus nisi and absolute may be issued against the defendants, requiring them to enter and spread upon the minutes of their court the contract, the substance of which is set out above. Upon the hearing of the case the court rendered an opinion making the mandamus nisi absolute, and the county commissioners were ordered to enter the

contract upon their minutes. To this order the defendants excepted.

1. In their answer defendants admit that they declined to enter the contract upon their minutes, and aver as a reason therefor that the contract is illegal and not binding upon the county. They also aver that the plaintiff never requested the predecessors in office of the present board of commissioners of roads and revenues to enter the contract upon their minutes; and that if as a matter of law the contract should have been entered upon the minutes of the board of commissioners of Evans County, such duty should have been performed by their predecessors in office, who made the contract with the plaintiff, and before their terms of office expired.

We are of the opinion that the contention of the plaintiffs in error that mandamus will not lie against the board of commissioners of roads and revenues as at present constituted, but that if maintainable at all it should have been brought against the commissioners who were in office at the time the contract was executed, is without merit. It is true that it was prima facie the duty of the commissioners then in office to enter the contract upon the minutes; but they having failed and the present commissioners having refused to do so, they can be compelled by mandamus to enter the contract upon their minutes, provided it is prima facie legal and proper for them to do so at all. It is not a matter of who constitutes the personnel of the board; but it is a question of the right of the plaintiff, regardless of the personnel, to have the board of commissioners of roads and revenues enter the contract upon the minutes. If this were not so, all that would be necessary, in order to avoid being compelled to enter such a contract upon the minutes, would be for the commissioners who were in office at the time the contract was executed to resign, or delay action on the matter until their successors were appointed or elected.

2. The Civil Code of 1910, § 386, provides that " All contracts entered into by the ordinary with other persons in behalf of the county must be in writing and entered on their minutes." In the present case the board of commissioners of roads and revenues takes the place of the ordinary, they having charge of the financial affairs of the county. The contract should have been entered upon the minutes of the board of commissioners of roads and revenues

by those in office at the time the contract was executed; but as they failed to do so, it is incumbent upon the present commissioners to enter the contract upon the minutes. It has been held that an individual can not enforce a contract between the county and the individual, by suit or otherwise, unless such contract is entered on the minutes. *Wagener* v. *Forsyth County,* 135 *Ga.* 162 (68 S. E. 1115) *Jones* v. *Bank of Cumming,* 131 *Ga.* 191, 196, 614 (62 S. E. 68, 63 S. E. 36) ; *James* v. *Douglas County,* 131 *Ga.* 270 (62 S. E. 185) *Pritchett* v. *Bartow County,* 46 *Ga.* 462; *Milburn* v. *Glynn County,* 109 *Ga.* 473 (34 S. E. 848).

But it is contended that the contract is illegal and unenforceable, and therefore the courts will not require the commissioners to do a vain or useless thing by placing the contract upon the minutes. We are of the opinion that in a proceeding of this kind it is not necessary to decide whether the contract, if put upon the minutes, would then be invalid and unenforceable. It is not a question for the commissioners to decide as to whether the contract was illegal and unenforceable, especially where they enter into a contract, but it is question of whether the plaintiff, who is a party to the contract, shall have the contract entered upon the minutes in order that he may bring suit and have determined by a proper tribunal whether the contract is valid and enforceable.

In the case of *Jones* v. *Bank of Cumming,* 131 *Ga.* 621 (supra), Mr. Justice Lumpkin, in delivering the opinion of the court, said: "All the Justices concur in holding that the mandamus absolute was properly granted as to this contract, without deciding what effect such entry would have, or what defenses might be made to the contract, if suit were brought upon it, Speaking for myself (and in these views some of the Justices concur), I am not prepared to say that this court has ever distinctly ruled that a failure on the part of an ordinary, or of county commissioners, to record on the minutes, within any particular time, a contract made for the county, rendered the contract absolutely void, so that it would not be aided if the officer was subsequently compelled by mandamus to perform the ministerial duty of recording which he ought to have performed at the proper time. In *Justices* v. *House,* 20 *Ga.* 328, which was decided before the adoption of the code, it was held that the law which required the judges of the superior and inferior courts to sign the minutes was only directory, and that an

omission on the part of an officer to perform a duty of this character would not invalidate the minutes unless the law so declared. In *Commissioners* v. *Shorler*, 50 *Ga.* 489, McCay, J., said (page 508) : 'We recognize the propriety of publicity in acts by public officers of this character, and without question it would have been more formal and regular for the court to have passed an order and put it on the minutes, declaring the amount of the subscription, the date, numbers, and denominations of the bonds, etc. But this order was not any part of the power of the court to issue the bonds. The power and authority came from the legislature and the people. The order would have been only a more complete and regular mode of doing it.' . . The statement that the object of the law requiring the entry of such contracts on the minutes is to give information easily accessible to the public, as to the character of contracts being made by the county authorities, is equally true, whether the provision as to entering on the minutes be treated as mandatory or directory. If the failure of the ordinary to enter the formal written contract upon the minutes promptly rendered it wholly void, when did it become so? What would have been the effect if he had recorded it on the day after it was made, or some day soon thereafter? At what point did the failure of the ordinary to perform his duty, as the public may presume he will do, render his written contract an absolute nullity? If the contract was 'invalid' until recorded, only in the sense that it was not perfected or completed in matter of formal entry, so as to form a basis for a suit, could the county get the court-house and use it, and, when called on to pay, respond that its official made the contract in writing but failed to record it, and that if it should now be recorded it would still be a nullity? It was suggested that the contract might have been recorded at any time before the contractor began work, but, if not then recorded, it became a nullity. The statute makes no such declaration, and prescribes no time within which the written contract remains inchoate. and at the end of which it becomes null because not entered."

Under the view we take of this case it is unnecessary to decide whether the contract is such a legal and valid one as that the plaintiff could enforce it against the county. If the contract itself shows on its face that it is legal, the contract should be entered on the minutes; and the mere entering of the contract on the minutes

would not prevent the county from setting up any legal defense it may have, as to the invalidity of the contract. Whether the contract itself is enforceable when put upon the minutes need not be decided, and we do not so decide. What we hold is, that, the contract appearing legal upon its face, the successors of the first commissioners are under the duty of placing the contract on the minutes, and on their failure to do so they may be compelled by mandamus; and this would not prevent them from setting up any legal defense they may have as to the invalidity of the contract, if such there be, when suit is brought by the plaintiff in order to enforce his rights under the contract. 26 Cyc. 151 b.

From the foregoing we conclude that the court did not err in making the mandamus absolute.

*Judgment affirmed. All the Justices concur.*