## BOARD OF COMMISSIONERS OF MORGAN COUNTY *et al.* *v.* MacDOUGALD CONSTRUCTION COMPANY.

1. Under the Civil Code (1910), § 386, every contract made with a county is required to be in writing and entered on the minutes of the proper authorities entrusted with the county affairs. And where a person has a written contract with a county, he has the legal right to have the same entered on such minutes; and if the proper county authorities fail or refuse to enter such contract, the judge of the superior court should

by mandamus compel the authorities to so ́ enter it. In a proceeding for mandamus to compel the performance of such duty, the court will not inquire into the validity of the contract further than to see that on its face it is prima facie valid.

2. A suit for mandamus to compel performance of a duty of the character mentioned in the preceding note is not a suit upon the contract within the meaning of the Civil Code (1910), § 5541; and the petition for mandamus is not subject to demurrer for failure to attach a copy of the contract, where its substance is alleged and an offer is made to produce it when required by the court.

3. Applying the principles announced in the preceding notes, the judge did not err in overruling the demurrer to the petition and granting the mandamus absolute.

No. 3725.   FEBRUARY 16, 1924.

Mandamus.   Before Judge Park.   Morgan superior court. March 5, 1923.

*E. H. George* and *Williford & Duke,* for plaintiffs in error.

*Spalding, MacDougald & Sibley* and *Johnson & Foster,* contra.

ATKINSON, J. The MacDougald Construction Company, a corporation, instituted an action for mandamus against the Board of Commissioners of Morgan County, to require them to enter upon their minutes two written contracts alleged to have been entered into between the plaintiff and the County of Morgan, the latter acting through a former board of county commissioners, of whom the present board are successors. Paragraph 3 of the petition was as follows: "That on the 4th day of March, 1920, petitioner entered into a written contract with the said County of Morgan, which was executed on the part of the said County of Morgan by W. H. Kimbrough Jr., then chairman of the Board of County Commissioners of said county, in pursuance of authority and resolution authorizing him to execute it for and on behalf of said County of Morgan by the county commissioners of said county then in office, and by plaintiff, through its president, Alex. MacDougald, and was witnessed by C. H. Baldwin, clerk of the superior court of Morgan County, and approved by the Highway Department of Georgia, through and by W. R. Neel, State highway engineer. That said contract was for the furnishing and delivering of material and to do and perform the work required in and about the improvement and construction of 6.73 miles of paved road known as the National Highway Federal Aid Project No. 70, same to be 16 feet wide of concrete, as per specifications; and that the said county in said contract agreed and promised to pay to the petitioner for said work

when completed a sum amounting to approximately $211,414.49. And that likewise on March the 17th, 1920, petitioner entered into another written contract with said County of Morgan, executed on behalf of said county by W. H. Kimbrough Jr., chairman of the Board of County Commissioners of said county then in office, in pursuance of authority and resolution by the Board of County Commissioners of said county, then in office, authorizing him to execute said contracts, and on the part of the plaintiff by Alex. MacDougald, president of plaintiff corporation, which said contract was witnessed by J. W. Douglas, N. P., Morgan County, Georgia, and approved by the Highway Department of Georgia through W. R. Neel, State highway engineer. That this last mentioned contract was for the furnishing and delivering all the material and doing and performing all the work necessary in and about the improvement and construction of 2.127 miles of paved road, known as the National Highway State Aid Project No. S-8-4, a part of former Federal Aid Project No. 110, same to be 16 feet wide of concrete, for which the said county agreed and promised to pay petitioner for said work when completed the sum of $68,786.52, approximately. That said contracts are voluminous, and for this reason are not attached to this petition; but profert of same is made to the court, and reference asked thereto as often as may be necessary upon the trial of this case. Said original contracts are in the possession of the defendants, and until recently petitioner thought that both of said contracts had been entered upon the minutes of the Board of County Commissioners of Morgan County, as required by law. And said defendants are hereby notified to have and produce at any and all hearings of this cause, wherever the same may be had, said original contracts, together with the book of minutes of the Board of County Commissioners of said County, the same to be used as evidence for the plaintiff in this case."

Paragraph 4 alleged that each of the written contracts was entered into by the plaintiff in good faith and is legally binding upon the county; and that it was the duty of the commissioners of the county, in office at the date of the contracts, to cause them to be entered upon their minutes as contracts in respect of county business. Paragraph 5 alleged that the county commissioners failed to enter the contracts on the minutes of the board, and that they

have never been so entered. Paragraph 6 alleged that the plaintiff has fully performed the contracts "according to the terms and specifications thereof," and has received from the county various sums of money under the contract; but that the county has breached the contracts by failing to deliver to the plaintiff "certain rights of way over which to construct said road as set forth in said contracts, specifications, maps and profiles made a part thereof," and that as a result of such breach the plaintiff has suffered loss in a large sum, for which plaintiff desires to bring an action for damages against the county; but that as a condition precedent to bringing said action said contracts must first be entered and spread upon the minutes of the county commissioners, as required by law. Paragraph 8 alleged a refusal of the defendants to spread and enter the contracts on the minutes of the board of commissioners as required by law, although they have been requested so to do.

A demurrer was filed to the petition on the ground that the written contracts were not set out in the petition nor a copy attached. Several paragraphs of the petition were demurred to on the grounds above stated, and the further grounds: (*a*) that the alleged written authority of W. H. Kimbrough Jr. to execute the contract was not set forth; (*b*) that the alleged approval of W. R. Neel, State highway engineer, is not set out; (*c*) the reference to the proposed project Number 70 of the length of 6.73 miles and as project Number S-8-4 of length 2.127 miles or part of former project number 110 is unintelligible; (*d*) that the allegations were mere conclusions; (*e*) that the allegations are irrelevant, vague, and uncertain; (*f*), (*g*) that the maps, profiles, specifications, and contract therein referred to are not set out; (*h*) that certain allegations thereof were merely statements of a conclusion. The defendant filed also an answer which referred to the several paragraphs of the petition substantially as follows: One and two were admitted; three was admitted in part and in part neither admitted nor denied, due to inability on account of lack of information, the allegations not answered for such reason being those relating to the execution of the contracts by Kimbrough and his authority to execute them, the authority of Neel to approve the contracts, and the data set out as to the project and length of the improvement, building of the road according to specifications; four and seven were denied; five was admitted except so much thereof as

alleges "although the law requires the same to be done," which latter part was denied; six was admitted except so much thereof as alleges receipt from the country of "various sums of money upon said contract," which latter allegation was denied, and it was alleged that whatever claims plaintiff had under any contract had been fully paid; the facts alleged in paragraph eight were admitted, but the conclusions drawn therefrom were denied. At the hearing the demurrer was overruled, and a judgment absolute was granted as follows: "This case coming on to be heard upon the petition and answer, . . and said original contracts referred to in plaintiff's petition . . being produced by the defendant . . to the court, . . it is considered and adjudged by the court upon a consideration of the petition and answer and contracts, profert of which is made to the court, that the mandamus nisi be and the same is hereby made absolute, and the defendants are hereby required to enter and spread said original contracts referred to, dated March 4, 1920, and March 17th, 1920, upon the minutes of said Board of Commissioners of said county, as required by law." The defendants excepted, and assigned error also on the judgment overruling the demurrer. No brief of evidence was filed, and the bill of exceptions did not set out any evidence or purport to set out the contracts that were considered by the court, or attempt to set forth a brief of their contents.

1. It has been held that section 386 of the Civil Code of 1910, which was section 343 of the Political Code of 1895, requires that every contract made with a county shall be in writing and entered on the minutes of the officers entrusted with county matters; and that "a person who has made a valid written contract with the county authorities has a legal right, though he may be a non-resident of the State, to have the contract entered on such minutes;" and "if the proper county authorities fail or refuse to make the entry, the judge of the superior court should by mandamus, when no issue of fact is involved, compel them to do so." *Milburn v. Commissioners of Glynn County,* 112 *Ga.* 160 (37 S. E. 178). After the above case was decided, a county entered into a written contract with a contractor to construct a county court-house. The ordinary, being the officer entrusted by law with county matters, accepted certain written orders drawn by the contractor in favor of a bank against funds coming to him under the contract. The

ordinary refused to enter either the contract or the accepted written orders on the minutes. In a suit by the bank the judge granted a mandamus absolute, requiring the contract and the accepted orders to be entered on the minutes. On exception this court, applying the law as ruled in the decision above cited, affirmed the judgment as to the building contract and reversed it as to the accepted orders, the ground of reversal being that the law does not authorize the ordinary to bind the county by making acceptance of orders drawn by the contractor, and would not be required to put them upon the record. *Jones* v. *Bank of Cumming,* 131 *Ga.* 614 (63 S. E. 36). In that case the unlawfulness of the acceptances appeared from the face of the paper when considered in connection with the law defining the powers of the ordinary that are judicially recognized. By mere inspection of the papers the "acceptances" were not county business which the ordinary had authority to transact. In a subsequent action for mandamus brought by a contractor to compel certain county commissioners, having in charge the county affairs, to put upon the records a written contract relating to county business (the construction of a bridge and its approaches in a public highway) which had been entered into between the contractor and the county authorities, the defendants alleged in their answer, as ground for refusal to put the contract upon the records, that the contract was illegal and not binding upon the county. A judgment granting mandamus absolute was affirmed by this court. It was said by Mr. Justice Hill, after stating and citing the principles applied in the foregoing decisions: "But it is contended that the contract is illegal and unenforceable, and therefore the courts will not require the commissioners to do a vain or useless thing by placing the contract upon the minutes. We are of the opinion that in a proceeding of this kind it is not necessary to decide whether the contract, if put upon the minutes, would then be invalid and unenforceable. It is not a question for the commissioners to decide as to whether the contract was illegal and unenforceable, especially where they enter into a contract; but it is a question of whether the plaintiff, who is a party to the contract, shall have the contract entered upon the minutes in order that he may bring suit and have determined by a proper tribunal whether the contract is valid and enforceable. . . If

the contract itself shows on its face that it is legal, the contract should be entered on the minutes."

In *Weathers* v. *Easterling,* 153 *Ga.* 601, 604 (113 S. E. 152), the contract was one relating to county business under supervision of the county commissioners about which the county authorities had statutory power to contract. It was their duty to put it upon their minutes. The decision recognizes the principle that ordinarily mandamus will not lie to compel a vain or useless thing, but holds that in cases of this character the remedy will apply to compel the commissioners to put the contract upon the records where the contract shows upon its face that it is valid.

2. It is provided in the Civil Code (1910), § 5541: "Copies of contracts, obligations to pay, or other writings should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon. In suits to recover money on an insurance policy it shall not be necessary to attach a copy of what may be written or printed upon the policy, except what appears upon the face or in the body of the policy. In suits on account a bill of particulars should be attached. In actions for the recovery of land the plaintiff must attach an abstract of his title." A suit for mandamus against county commissioners to compel them to put upon their minutes a contract between a contractor and the county, as required by the Civil Code (1910), § 386, is not a suit upon the contract (*Weathers* v. *Easterling,* supra), and consequently is not comprehended by the provisions of the above-quoted code section. The general principles of pleading would not require a copy of the contract to be set out in the petition for mandamus, where its substance is alleged and there is an offer to produce the original when required by the court.

3. Applying the principles announced in the preceding division, the case having been submitted to the judge upon the petition and answer, and the contracts, profert of which is made in the petition, being produced by the defendant and being before the court, and the answer of the defendant setting up no sufficient reason why they should not be recorded, and it not being made to appear by any evidence in the record that the contracts on their faces were invalid, the court did not err in making the mandamus absolute.

*Judgment affirmed. All the Justices concur.*