## KING *et al. v.* CASEY, chairman, etc., *et al.*

1. The motion to dismiss the bill of exceptions on the ground that the necessary parties plaintiffs in error and defendants in error are not set out therein, is overruled for the reasons given in the first division of the opinion.

2. Where the county commissioners of Camden County entered into a contract for the construction of a court-house, and certain taxpayers of the county procured a temporary restraining order to enjoin the execution of such contract; and where pending the restraining order the commissioners canceled the first contract and readvertised for bids for the building of the court-house and entered into a new contract; the latter contract was not in violation of the prior restraining order under the facts of this case.

3. "Before making a contract for the erection of a court-house, it is not necessary that the county authorities should levy a tax or issue bonds for the purpose of raising the money with which to pay for it, or that they should have a vote of the people upon any question connected therewith, provided they do not contract for a sum exceeding the available funds on hand and the amount of taxes levied, or that may be lawfully levied, for the year, for that purpose."

4. All contracts entered into by the proper county authorities with other persons in behalf of the county must be in writing and entered on their minutes.

5. The trial judge did not err, under the facts of this case, in ordering the entry of the contract on the minutes of the board of county commissioners, in which event the restraining order theretofore granted should be dissolved.

No. 5604.   APRIL 15, 1927.

Petition for injunction. Before Judge Reed. Camden superior court. July 2, 1926.

*S. C. Townsend,* for plaintiffs.

*Conjers & Gowen* and *F. M. Scarlett,* for defendants.

HILL, J.   W. H. King and one hundred and seventeen other citizens and taxpayers of Camden County brought an equitable petition, on June 2, 1926, against the commissioners of roads and revenues of Camden County, the Bank of Camden County, as treasurer and county depository, and McCowen & Ramsey, contractors, to enjoin the construction of a court-house in the county, and to enjoin the paying out of the county funds for that purpose. It was alleged, that the contract was illegal, because it was in violation of a previous restraining order made on March 3, 1926,

Appeal and Error, 3 C. J. p. 1033, n. 32 New.
Counties, 15 C. J. p. 552, n. 54; p. 576, n. 57; p. 633, n. 37 New.
Injunctions, 32 C. J. p. 495, n. 70 New.
Mandamus, 38 C. J. p. 739, n. 71.

against the same defendants and for the same purpose as the present restraining order; that the contract was not entered upon the minutes of the board; that it was the creation of a debt against the county without any authority; that no bonds had been issued for the purpose of constructing a court-house, and no election for that purpose was had; that the county commissioners were using money to pay for material for the construction of the court-house derived from tolls of the Satilla river bridge; and that any tax levy for this purpose would be excessive and confiscatory. The contract price was $59,500.

The defendants demurred and answered. The answer averred, that, after the making of the restraining order of March 3, 1926, the defendants abandoned the contract and advertised for new bids, in order to correct certain defects in the first advertisement; that the contract is fair and no unusual provisions are embraced therein; that no bond issue has been authorized, and no taxes have yet been levied, it not having yet been ascertained what amount of taxes will be necessary, and the time for the levy has not arrived; that they do not contemplate the creation of any debt against the county; that they have in hand $25,000 in cash to apply on the contract; that the revenue from the bridge tolls that can be used for this purpose is $100 per day, and a levy of less than two per cent. as taxes will be ample to meet the balance of the contract price, the taxable value of the property in the county for the year 1925 being approximately three million dollars, and for 1926 it should be more; and that such tax would not be excessive or confiscatory.

On the hearing the plaintiffs and the defendants introduced evidence. The judge made an order dissolving the restraining order on condition that the board enter the portions of the contract that had not been entered on the minutes. To this order the plaintiffs excepted.

1. On the call of the case in the Supreme Court the defendants made a motion to dismiss the writ of error, on the grounds: (1) that the bill of exceptions does not contain, set out, or specify the necessary parties plaintiff in error, over one hundred plaintiffs appearing in the petition, and the bill of exceptions being brought by "W. H. King et al;" (2) that the bill of exceptions does not set out the necessary defendants in error, it appearing that in the court below there were named as defendants, in addition to those

named in the bill of exceptions, the firm of McCowen & Ramsey and the Bank of Camden County, all of whom are interested in the outcome of the litigation; (3) that there is no sufficient or specific assignment of error in the bill of exceptions. The plaintiffs amended the bill of exceptions by designating as defendants in error McCowen & Ramsey, a firm composed of H. P. McCowen and Thomas Ramsey; the Bank of Camden County, as county depository; and C. J. Cole, as clerk of the board of commissioners of roads and revenues of Camden County; and in addition to the commissioners, Thomas Casey as chairman, J. B. Newton, J. F. Atkinson, John A. Dyal, and J. P. Russell. It is recited in this amendment that plaintiffs served the amendment upon counsel who appears as counsel of record for all defendants, as provided by law, and prayed that said amendment be allowed. The amendment to the bill of exceptions as to the defendants in error is sufficient, and complies with the provisions of Park's Code, § 6164 (a, b). See *Hayes* v. *Hayes,* 137 *Ga.* 362 (73 S. E. 659). The designation of plaintiffs in error in the bill of exceptions, to wit, "W. H. King, and the other parties plaintiff, name themselves as plaintiffs in error," is sufficient to include all the parties plaintiffs in error who appeared in the record of the case in the court below. The motion to dismiss is overruled.

2. On the trial of the case evidence was introduced tending to show that the property valuation of Camden County, including the public-service corporations, was $2,806,027 for the year 1925; also a certificate of the clerk of the board of commissioners attached to the contract, showing the record of the contract on the minutes of the board on July 2, 1926, though it appears that the specifications and blue-prints were not recorded. The contract provided, among other things, that the county agreed to pay the contractor for the performance of the contract the total sum of $59,500, "subject to additions and deductions as provided for in said specifications," etc. At the conclusion of the evidence the presiding judge made the following order: "The within and foregoing case coming on to be heard, it is ordered that the restraining order heretofore granted, on June 4, 1926, be continued of force until the respondents shall enter all plans and specifications referred to in the contract of May 6, 1926, shown as exhibit B, on the minutes of commissioners of roads and revenues of said

County of Camden; upon the entry of said documents on the minutes, said restraining order shall be dissolved and of no further effect." It appears from the record that after the first restraining order of March 23, 1926, was granted, restraining the defendants from expending, or attempting to expend any moneys of Camden County under the contract complained of, the commissioners of roads and revenues had a new advertisement published, for the construction of a court-house according to certain plans and specifications, and accepted the bid of ·$59,500, which is here complained of, and a temporary restraining order was granted on June 4, 1926. It is insisted that the contract entered into in the second instance was in violation of the prior restraining order, and that the defendants had no right to enter into the second contract without obtaining a modification or revocation of the prior restraining order. We are of the opinion that the proceeding under the second contract is not subject to this criticism. On account of certain irregularities in the first advertisement the defendants abrogated the first contract and readvertised for bids in order to correct certain deficiencies in the first advertisement, and entered into a new contract under the second advertisement with the party making the lowest bid for the construction of the court-house. The criticism that the second contract is in violation of the prior restraining order is therefore without merit.

3. It appears from the record that the price to be paid for the construction of the court-house is less than two per cent. upon the taxable values of the property given in for taxation in Camden County, and this court has held that the levy of such a tax will be upheld. *Dyer* v. *Erwin*, 106 *Ga.* 845 (3), 849 (33 S. E. 63). It also appears from the record that the commissioners were not attempting to create a debt for the purpose of building the court-house, by the issuance of bonds or otherwise, but were constructing it from the proceeds of a tax levy to be made within the year, of less than two per cent. "We see no reason . . why the county authorities in this case may not levy a sufficient tax in one year to pay for the erection of a court-house, if the tax be not·exorbitant. . . If taxes are levied, or can legally be levied for the year, sufficient for the purpose, they may contract to pay for it out of such taxes, although they are uncollected." *Lewis* v. *Lofley*, 92 *Ga.* 804, 808 (19 S. E. 57). "Before making a contract for

the erection of a court-house, it is not necessary that the county authorities should levy a tax or issue bonds for the purpose of raising the money with which to pay for it, or that they should have a vote of the people upon any question connected therewith, provided they do not contract for a sum to be paid exceeding the available funds on hand and the amount of taxes levied, or that may be lawfully levied, for the year for that purpose." *Spalding County* v. *Chamberlin,* 130 *Ga.* 650 (3) (61 S. E. 533). The constitutional limitation upon the power of the county to incur debts is in no way a limitation upon the taxing power of the county. *Habersham County* v. *Porter Mfg. Co.,* 103 *Ga.* 613 (30 S. E. 547). And see *Anderson* v. *Newton,* 123 *Ga.* 512 (51 S. E. 508); *Hogan* v. *State,* 133 *Ga.* 875 (3) (67 S. E. 268); *Johnson* v. *Pinson,* 126 *Ga.* 121, 123 (54 S. E. 922); *Manley Bldg. Co.* v. *Newton,* 114 *Ga.* 255 (40 S. E. 274).

4. The Civil Code (1910), § 386, provides that all contracts entered into by the ordinary with other persons in behalf of the county must be in writing and entered on their minutes. See *Jones* v. *Bank of Cumming,* 131 *Ga.* 614 (63 S. E. 36); *Weathers* v. *Easterling,* 153 *Ga.* 601 (113 S. E. 152). Mandamus will lie to compel county authorities to enter such contract on their minutes. *Wagener* v. *Forsyth County,* 135 *Ga.* 162 (68 S. E. 1115). The present record shows that the contract was entered upon the minutes of the board of commissioners of roads and revenues, but that certain specifications were omitted; and under the principle decided in the foregoing authorities, it was legal for the judge to order the entry of the contract on the minutes, in which event the restraining order should be dissolved and of no further effect.

*Judgment affirmed. All the Justices concur, except Atkinson, J., disqualified.*