492

GRIFFIN v. MADDOX et al., commissioners.

No. 11090. December 10, 1935.

*Poole & Fraser,* for plaintiff.   *C. L. Redman,* for defendants.

Bell, Justice.   This was a suit for the writ of mandamus to compel county commissioners to levy a tax for the payment of a county warrant held by the plaintiff.   The defendants filed an answer alleging that the warrant was invalid because it was not based on a contract made in writing and entered on the minutes as required by law.   On the trial it appeared without dispute that that warrant was issued under the following circumstances:   The county through its former sole commissioner gave an oral order for bridge material to be delivered in the future.   "Something like a week or two or a month" after delivery of the material, the seller made a demand for payment, and the county, being without funds, issued the warrant for the amount of the purchase-money, payable more than a year later and bearing interest from date. The contract for the purchase of the material was never reduced to writing and entered on the minutes.   The court directed a verdict in favor of the defendants, refused to grant a new trial, and the plaintiff excepted.

All contracts made in behalf of a county must be in writing and entered on the minutes.   Code of 1933, § 23-1701.   "If they are not in writing and not so entered, they are not enforceable." *Killian* v. *Cherokee County,* 169 *Ga.* 313 (2c) (150 S. E. 158). Under this law, the court did not err in directing the verdict.   See also *Pritchett* v. *Inferior Court of Bartow County,* 46 *Ga.* 462; *Milburn* v. *Glynn County,* 109 *Ga.* 473 (34 S. E. 848) ; *Holliday* v. *Jackson County,* 121 *Ga.* 310 (48 S. E. 947) ; *Jones* v. *Bank of Cumming,* 131 *Ga.* 614, 622 (63 S. E. 36) ; *Ward* v. *State Highway Board,* 172 *Ga.* 414 (157 S. E. 328) ; *Douglas* v. *Austin-Western Road Machinery Co.,* 173 *Ga.* 386 (160 S. E. 409) ; *Murray County* v. *Pickering,* 42 *Ga. App.* 739 (157 S. E. 343).   The ques-

tion involved in the present case was not raised in the *trial court* in *Maddox* v. *Highway Iron Products Co.,* 172 *Ga.* 133 (157 S. E. 269), and the ruling now made is not contrary to the decision in that case.     *Judgment affirmed.   All the Justices concur.*