HOBBS *et al.* v. HOWELL, Commissioner, *et al.*

WYATT, Justice. Certain taxpayers brought a petition against the Board of Commissioners of Roads and Revenues of Early County and others, seeking to enjoin the expenditure of funds for the acquiring of title to lands required for a right-of-way for a State-aid road, and further seeking to enjoin the expenditure of funds for expenses incidental to acquiring title to the lands, such as expenses for removing obstructions and tearing down and re-erecting fences and buildings. An injunction having been denied, a writ of error was sued out. The defendants in error have filed a motion to dismiss the writ upon the ground that the questions raised by the bill of exceptions have become moot, it being shown in the motion to dismiss that since the bill of exceptions was filed in this court the defendants in error have acquired title to all the lands involved. The motion alleges that deeds "have been executed and delivered to the State Highway Department of Georgia. These deeds were executed voluntarily by the respective landowners, without cost to Early County or to anyone else." In response to the motion, the plaintiffs in error admit that deeds have now been acquired to all of the lands embraced in the right-of-way, but they deny that these deeds were acquired without expense to the county. They further allege that one of the deeds acquired is invalid for various reasons, and allege that in connection with the acquiring of other deeds the county entered into valid and binding contracts to pay the landowners executing the deeds certain expenses, such as the expense of removing and re-erecting fences and buildings. *Held:*

1. Deeds to the properties involved having now been acquired, an injunction against the acquiring of properties or the payment of expenses incidental to acquiring such properties would be ineffectual. And this is true, regardless of whether the deeds were voluntary and acquired without expense, as contended by the defendants in error, or whether, as contended by the plaintiffs in error, the deeds were not obtained "without any expense to Early County." The acts sought to be enjoined having occurred, it is immaterial whether expenses were paid in connection therewith.

2. The validity or invalidity of one of the deeds acquired is wholly immaterial to the prayers of the petition. The question of title to land can not be passed upon by this court, not being raised by the pleadings, and the parties affected not being before the court. If the deed is invalid, it offers no reason for retaining the bill of exceptions to pass upon a petition which prays solely for an injunction.

3. The response is insufficient to raise any issue as to whether the county has entered into valid and binding contracts to pay landowners for certain alleged incidental expenses. "All contracts with other persons in behalf of the county must be in writing and entered on the minutes of the proper county authority. If they are not in writing and not so entered, they are not enforceable." Code, § 23-1701; *Killian* v. *Cherokee County,* 169 *Ga.* 313 (2-c) (150 S. E. 158). A petition is subject to general demurrer which alleges that contracts have been entered into with a county but which fails to allege that the contracts were in writing

and entered on the minutes of the proper county authority. *James* v. *Douglas County,* 131 *Ga.* 270 (62 S. E. 185); *Spears* v. *Robertson,* 170 *Ga.* 368 (152 S. E. 903). The response in the instant case, failing to show that the alleged contracts were in writing and entered upon the minutes of the proper county authority, alleges only a conclusion and presents no issuable fact. The writ of error must be

*Dismissed. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16315. SEPTEMBER 14, 1948. REHEARING DENIED OCTOBER 13, 1948.

*P. Z. Geer,* for plaintiffs.

*A. H. Gray,* and *E. L. Reagan, Assistant Attorney-General,* for defendants.