MALCOM *v.* FULTON COUNTY; *et vice versa.*

Nos. 17983, 17984.   Argued September 9, 1952—Decided October 14, 1952—
Rehearing denied November 13, 1952.

*Harris, Henson & Gower* and *Harris & Gower,* for plaintiff in error.

*Harold Sheats, Durwood T. Pye, E. A. Wright* and *Standish Thompson,* contra.

CANDLER, Justice. 1. There is no merit in the contention that the court erred in overruling the general demurrer to the plaintiff's petition as amended. All contracts made for and on behalf of a county by its board of county commissioners must be in writing and entered on its minutes. Code, § 23-1701; *Board of Commissioners of Morgan County* v. *MacDougald Construction Co.*, 157 *Ga.* 595 (122 S. E. 317); *Graham* v. *Beacham*, 189 *Ga.* 304 (5 S. E. 2d, 775). "If they are not in writing and not so entered, they are not enforceable." In this case, the petition as amended alleges that the defendant, as his authority and for his right to cut and remove timber from the plaintiff's land, relied upon a contract with the Board of County Commissioners of Fulton County, which at that time had not been recorded on the board's official minutes, and it is well settled in this State that such a contract is unenforceable until so entered. *James* v. *Douglas County*, 131 *Ga.* 270 (62 S. E. 185); *Spears* v. *Robertson*, 170 *Ga.* 368 (152 S. E. 903); *Griffin* v. *Maddox*, 181 *Ga.* 492 (182 S. E. 847); *Hobbs* v. *Howell*, 204 *Ga.* 370 (49 S. E. 2d, 827). Accordingly, the defendant's general demurrer to the petition as amended was properly overruled.

2. County property which has become unserviceable may be sold by order of the county commissioners at private sale. Code, §§ 91-602, 91-804; *Head* v. *Lee*, 203 *Ga.* 191 (4) (45 S. E. 2d, 666). And such property becomes unserviceable, within the meaning of our statute, when it cannot be beneficially or advantageously used under all the circumstances for county purposes. *Dyer* v. *Martin*, 132 *Ga.* 445 (64 S. E. 475); *Trapnell* v. *Candler County*, 146 *Ga.* 617 (91 S. E. 771). In this case, the evidence shows indisputably that the timber involved had become unserviceable for county purposes; and, that being true, the county commissioners were authorized to dispose of it by sale.

3. It is alleged in the original petition, and earnestly argued by plaintiff's counsel, that the contract of sale relied upon by the defendant is void, because (1) it was not read in full by the county attorney when he presented it to the county commissioners for consideration and action; and (2) because it was not read by the county commissioners themselves before being acted upon. This contention is wholly untenable. It is elementary

that the contract is not void, as contended, for either of these two reasons, and citation of authority for this ruling is, we think, unnecessary.

4. It is alleged in an amendment to the original petition that the contract relied upon by the defendant is a nullity because it was not properly signed for and on behalf of the county, and should for that reason be canceled. There is no merit in this. The record discloses that it was signed, "Fulton County, a political subdivision of Georgia, by James H. Aldredge (Seal)." James H. Aldredge, as the uncontroverted evidence reveals, was, at the time he signed the contract, Chairman of the Fulton County Board of County Commissioners, and he, as a witness for the plaintiff, testified: "I signed it [the contract involved] on the part of Fulton County, and I signed it pursuant to direc-rection of the board." And an extract from the official minutes of the board of county commissioners, as introduced in evidence, shows: that "Commissioner Towns made a motion that the above and foregoing contract between Fulton County and James T. Malcom be approved and ratified by the board, and that the chairman of the board be authorized to execute said contract. The above and foregoing motion was seconded by Commissioner Doyal, and upon roll-call vote said contract was approved and the chairman authorized to execute the same for the county." The contract was, therefore, signed for and on behalf of Fulton County by James H. Aldredge, the board's chairman, in accordance with the board's directive, and it was not necessary, as urged, for the word "Chairman" to follow Aldredge's signature; nor, as insisted, for all of the members of the board to sign it. See, in this connection, *Johnston* v. *Crawley*, 25 *Ga.* 316 (71 Am. D. 173); *Carr* v. *Georgia Loan & Trust Co.*, 108 *Ga.* 757 (33 S. E. 190); *Pilcher* v. *English*, 133 *Ga.* 496 (5) (66 S. E. 163); *Boone* v. *Jenkins*, 147 *Ga.* 812 (95 S. E. 707); *Braswell* v. *Palmer*, 191 *Ga.* 262 (3) (11 S. E. 2d, 889). In the *Braswell* case, supra, this court said: "If the county commissioners authorize the sale of county land, the deed may lawfully be signed by the chairman in the name of the board." Accordingly, the contract was not void, as contended, for want of proper signing on behalf of the county.

5. "After the cause is at issue, the defendant may, by an

answer in the nature of a plea puis darrein continuance, set up matter of defense which has arisen since the beginning of the action, or since the filing of the last plea." *Cook* v. *Georgia Land Co.*, 120 *Ga.* 1068 (48 S. E. 378); *Horne* v. *Rodgers,* 103 *Ga.* 649 (2) (30 S. E. 562). In this case, the plaintiff's prayers for injunction and cancellation are based, in part, upon an allegation that the contract relied upon by the defendant was unenforceable because it had not been entered on the official minutes of the board; that it was incomplete in execution because the county's official seal had not been affixed thereto; and that the defendant acquired no title to the timber involved because the contract upon which he relied had never been delivered to him. The defendant, by an amendment to his answer averred: that, subsequently to the institution of this litigation, his contract had been duly recorded upon the minutes of the board; that the county's official seal had been affixed to the contract; that the contract had been delivered to him by the Fulton County Board of County Commissioners; and that he had taken possession of the lands upon which his timber was located for all purposes contemplated by his contract. As to these issues, it appears from the record that the contract in question was recorded in obedience to a decree entered in mandamus proceedings instituted by the defendant against the plaintiff's commissioners and their clerk. And it also appears from the evidence, without dispute, that by resolution duly entered on its minutes, the board of county commissioners, by a majority vote, authorized and directed its clerk to affix the county's seal to the contract in question and deliver it to the defendant Malcom, and that such was pursuantly done on February 7, 1951. Upon these contentions, the plaintiff was therefore not entitled to prevail.

6. The amendment to the original petition alleges also: that the contract relied upon by the defendant is void and should be canceled, because (a) the contract shows on its face that it was to be executed by "agents" of the county and only Aldredge's signature appears on behalf of the county; (b) it appears on its face to have been signed by Aldredge as an "agent" of the county, and no written authority was entered upon the official minutes of the board authorizing him to bind the county as agent; (c) it was incomplete when signed by Aldredge, since it

did not contain any reference to any action taken by the board on October 4, 1950, but refers to action taken by the board on September 18, 1950, when no action was taken by the board on the latter date authorizing such a contract between the parties; (d) it has never come into being as a valid and subsisting contract between the parties, since there has never been any meeting of the minds of the parties, and there has never been any execution and delivery of the contract with an intention that a valid and subsisting contract should come into being, or that the defendant should acquire any right to the timber on the lands of the county as they are described in the petition; and (e) it is not binding upon the county, since the board entered no order or resolution upon its official minutes authorizing anyone to make such a contract of conveyance on behalf of the county. Obviously, under the facts hereinbefore stated and the rulings heretofore made, these attacks upon the validity of the contract are not meritorious. If it be possible, they contain less merit than any of the others, and show the extent to which a party, embarrassed by its contract, will go to escape the binding consequences of a contract obligation.

7. The judgment overruling some of the special demurrers as interposed by the defendant to the plaintiff's petition as amended shows no substantial error.

8. While a county contract which has not been entered of record on the minutes of the authority making it is unenforceable (*Milburn* v. *Commissioners of Glynn County*, 112 *Ga.* 160, 37 S. E. 178; *Jones* v. *Bank of Cumming*, 131 *Ga.* 614, 63 S. E. 36; *Weathers* v. *Easterling*, 153 *Ga.* 601, 113 S. E. 152), yet it is not for want of record alone necessarily void; and, if otherwise valid, it becomes enforceable when subsequently recorded. In other words, a county contract, otherwise valid, is not rendered void, as here contended, by not being entered of record by those whose duty it is to record it upon their minutes; but it is, through such failure, rendered unenforceable until it is recorded, and it is well settled in this State that mandamus will lie to require its record. *Wagener* v. *Forsyth County*, 135 *Ga.* 162 (68 S. E. 1115); *King* v. *Casey*, 164 *Ga.* 117 (137 S. E. 776). The statute fixes no limit of time during which a county contract may be entered of record. *Weathers* v. *Easterling*, supra. And

the law imposes a duty upon those officers who govern the county's affairs to enter the contracts they make in behalf of the county upon their minutes, and the continued neglect on their part to discharge an official duty does not cause the duty to terminate. *Jones* v. *Bank of Cumming,* supra. In this case it is not contended that the sale to Malcom was void for any act of his; but, on the contrary, the right to rescind the contract with him was based entirely upon the ground that the contract was rendered void through the failure of the county commissioners to record it upon their minutes in discharge of their official duty. In these circumstances, we cannot agree that the contract relied on by the defendant was not binding upon the county on the theory that it was legally rescinded by the county commissioners on October 6, 1950; and this is especially true in view of the fact that it was reaffirmed and reapproved when the board of county commissioners, by motion duly adopted on February 7, 1951, ordered and directed its clerk to place the county's official seal upon it and deliver it to the purchaser Malcom, which was accordingly done, and when it was, subsequently, on February 4, 1952, and pursuant to a decree in mandamus proceedings, duly recorded upon the board's official minutes. It seems very clear to us that county commissioners cannot make a contract in behalf of the county, fail to record it in discharge of their official duty, and then rescind it because it is not recorded, as the commissioners in this case undertook to do. Accordingly, the plaintiff was not entitled to any of the relief sought upon the ground that the contract relied on by the defendant was not binding upon the county because it had been legally rescinded by the county commissioners.

9. Paragraph 8 of the original petition alleges: "On October 5, 1950, during the continuation of the regular October 4th meeting of said board, the clerk advised that he had received two offers to purchase the same timber for larger sums of money and the county manager stated that an offer had been received during the afternoon of October 4, 1950, to pay the sum of $45,000 for the same timber on the same terms outlined in the Malcom offer." The defendant demurred to and moved to strike the above-quoted allegation on the ground that it constituted no basis for the recovery of any of the relief prayed for;

and upon the ground that it was irrelevant, immaterial, harmful and prejudicial to the defendant because it injected into the case an extraneous issue which tended to confuse the real issue between the parties. It was not erroneous, as contended, for the court to sustain the demurrer and strike the allegation. Elsewhere in the petition it is alleged that the defendant's offer for the timber involved was accepted at a special meeting of the board held during the morning of October 4, 1950, and subsequent offers by other parties for the same property would be irrelevant, immaterial, and not illustrative of any issue involved, and therefore confusing.

10. Under the law and the evidence, a verdict in favor of the defendant was demanded in this case, and the court erred in overruling the motion for a new trial. The main bill of exceptions contains several special assignments of error as to the overruling of special grounds of the motion for a new trial. While some of these grounds relate to matters which are not free from criticism, yet in view of the reversal on the general grounds, requiring another trial, it is not deemed necessary to deal with the special assignments of error. It does not seem likely, in view of the rulings in the present decision, that the questions raised by the special grounds of the motion will arise upon another trial. See *Simpson* v. *Charters,* 188 *Ga.* 842 (5 S. E. 2d, 27).

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*