## 37642. BULLOCH COUNTY v. RITZERT.

Townsend, Judge. 1. A written contract for services reciting that it is entered into between a named architect on the one hand and Bulloch County by a Board of Commissioners of Roads and Revenues on the other, the subject matter of which is the construction of an addition to a county building, and which is signed by the architect and by "Allen R. Lanier, Chairman, Commissioners of Roads and Revenues Bulloch County" and thereafter recorded on the minutes of the board of commissioners, is such a contract between the plaintiff and the county as will sustain an action to recover for the services rendered according to its terms. Such a contract need not be signed by all members of the board. Malcom v. Fulton County, 209 Ga. 392(4) (73 S. E. 2d 173).

2. However, the plaintiff here pleads special facts which show, when the petition is construed against the pleader, that on the question of whether Chairman Lanier had in fact the authority to bind the board of commissioners to such contract, the plaintiff depends solely upon a prior resolution of the board also recorded upon the minutes. Under the act creating the Bulloch County Board of County Commissioners (Ga. L. 1924, p. 290) it is provided that the duties of the

chairman include the execution of the orders of his board and that a majority of the commissioners shall constitute a quorum for the transaction of any business of the board. The authority to enter into contracts for public works is, by Section 15, vested in the board of commissioners as a whole. It follows that one member of the board, acting alone, could not bind the board to such a contract if the power to do so had not in fact been delegated to him. Under the act the chairman has the duty to "preserve an accurate minute of the actions and doings of the board," but the fact that the contract for architectural services is recorded on the minutes will not under all circumstances estop the board from contesting the truth thereof. See *Weathers* v. *Easterling,* 153 *Ga.* 601 (3) (113 S. E. 152).

3. The resolution of the board upon which the plaintiff relies to show the authority of Chairman Lanier to contract with him on behalf of the board for the rendition of architectural services, recites the following: "Whereas, enlargement of the Bulloch County Health Center facilities is desirable in the interest of better service to the public, and whereas funds for such enlargement are available to Bulloch County on a participation basis, upon proper application and approval, Therefore, Be it resolved that Allen R. Lanier, Chairman and Clerk of the Board of Commissioners of Roads and Revenues of Bulloch County, Georgia, is hereby authorized for said board to execute and submit all necessary application papers and such other information and documents as shall become necessary or desirable in connection with application for said funds." It is earnestly contended that among the necessary papers and documents to be submitted in connection with the application for funds would be included plans and specifications for the proposed work, and that accordingly the power to execute and submit such plans and specifications would include the power to contract with an architect to have such plans and specifications drawn up. As stated in *Spalding County* v. *Chamberlin & Co.,* 130 *Ga.* 649, 656 (61 S. E. 533): "The authority to build a court-house includes authority to employ an architect to prepare plans and specifications therefor and to superintend the erection thereof." While not proper subject matter for judicial knowledge under this petition, which fails to allege where the funds sought by the county were to come from or under what rules they

are made available, this contention is a fact which might well be alleged and proved, and which, if properly alleged and proved, would support a recovery on the part of the plaintiff, since the agent's authority shall be construed to include all necessary and usual means for effectually executing it. Code § 4-301. The petition here, however, as against demurrer, must be construed strictly against the pleader, and it is nowhere alleged that it was necessary or desirable, in connection with the application for funds, to submit or otherwise use in that connection the preliminary studies, specifications and general working drawings which the architect had prepared and turned over to the board and for which he sues under this contract. If it was not necessary or desirable to do so, then Chairman Lanier's contract, if not otherwise authorized, was not authorized by the resolution relating to the application for funds for the addition to the county building. Nor is there any allegation that the contract with the architect, if unauthorized in the first instance, was subsequently ratified by the board by the act of having the same placed upon its minutes. For these reasons alone, the petition was subject to general demurrer, and the judgment overruling it is error.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MAY 18, 1959—REHEARING DENIED JUNE 4, 1959.

*William J. Neville,* for plaintiff in error.
*Cohen Anderson, A. S. Dodd,* contra.