## 32248. HATCHER v. HANCOCK COUNTY COMMISSIONERS OF ROADS AND REVENUES et al.

BOWLES, Justice.

Dr. James F. Hatcher, Jr. filed a petition, designated a writ of mandamus, against the Hancock County Commissioners of Roads and Revenues and the individual members thereof in their representative capacities, seeking to compel payment of money owed him under a contract of employment Hatcher had entered into with the Hancock County Hospital Authority.

It appears that Dr. Hatcher entered into an employment contract with the Hospital Authority. The contract was submitted to the Board of Commissioners, which approved the contract but did not enter the contract on their minutes. The Hospital Authority breached the contract by failing to pay Dr. Hatcher's salary; suit was filed against the Hospital Authority and judgment was rendered in favor of the plaintiff Dr. Hatcher.

Upon failure of the Hospital Authority to honor the judgment against it, Dr. Hatcher filed his petition for a writ of mandamus against the Board of Commissioners to require them to honor the contract made between plaintiff and the Hospital Authority and approved by that board;

and to pay to plaintiff the amount of the judgment pending against the Hospital Authority in his favor.

The Board of Commissioners filed a motion to dismiss. At the hearing which followed, oral and documentary evidence outside the pleadings were presented to the court, and the motion was treated as one for summary judgment. After making findings of fact and conclusions of law, the trial court granted summary judgment to the Board of Commissioners and dismissed the plaintiff's mandamus action.

Dr. Hatcher appeals, complaining that the lower court erred in dismissing his petition for a writ of mandamus as contrary to law and contrary to the evidence.

We affirm.

1. Although the proceeding in the court below was a special proceeding by way of writ of mandamus, the Civil Practice Act provides that it is controlling and shall apply to all motion practice. Code Ann. § 81A-181. Therefore, under Code Ann. § 81A-112 (b), when matters outside the pleadings were presented to and not excluded by the court, the motion to dismiss was properly treated as one for summary judgment.

2. The pleadings and the evidence presented, conclusively showed that the contract in issue was a contract entered into between Dr. Hatcher and the Hancock County Hospital Authority. There was no showing of a written contract made by the Board of Commissioners with Dr. Hatcher. No contract made with Dr. Hatcher had been entered in the Board of Commissioners' minute book.

"All contracts entered into by the Ordinary with other persons in behalf of the county shall be in writing and entered on his minutes." Code Ann. § 23-1701.

While a person has a legal right to have a written contract made with the county entered on the official minutes (*Bd. of Commrs of Morgan County v. MacDougald Const. Co.,* 157 Ga. 595 (122 SE 317); *Milburn v. Commrs. of Glynn County,* 112 Ga. 160 (37 SE 178); *Douglas v. Austin-Western &c. Co.,* 173 Ga. 834 (1) (161 SE 811)); if the contracts are not in writing and not entered on the proper minutes, they are not enforceable. *James v.*

*Douglas County,* 131 Ga. 270 (62 SE 185) (1908); *Spears v. Robertson,* 170 Ga. 368 (152 SE 903) (1930); *Griffin v. Maddox,* 181 Ga. 492 (182 SE 847) (1936); *Hobbs v. Howell,* 204 Ga. 370 (49 SE2d 827) (1949); *Malcom v. Fulton County,* 209 Ga. 392, 396 (1) (73 SE2d 173) (1952); *Minter v. Early County,* 181 Ga. 754 (184 SE 319) (1935); *Graham v. Beacham,* 189 Ga. 304, 306 (5 SE2d 775) (1939). At the hearing, Dr. Hatcher produced no writing showing an agreement between him and the Board of Commissioners. Therefore, he could not compel its entry on the minutes. Any oral understanding between the parties was unenforceable.

3. "The right to extraordinary aid of mandamus exists only where the applicant has a clear legal right to the relief sought, and there is no other adequate remedy. These two conditions must co-exist." *McClung v. Richardson,* 232 Ga. 530, 531 (207 SE2d 472) (1974). Mandamus is available only when it is exclusive. *Mattox v. Board of Education,* 148 Ga. 577, 581 (97 SE 532) (1918).

Appellant has cited no authority, nor have we found any, that would support the theory that the Hancock County Commissioners of Roads and Revenues are liable for the contracts and obligations of the Hancock County Hospital Authority, when the board has not entered into a written contract with the Authority. Accordingly, the trial court did not err in granting defendant's written motion to dismiss the appellant's application for a writ of mandamus.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 10, 1977 — DECIDED MAY 26, 1977.

*Peugh & Bradley, W. B. Bradley,* for appellant.
*D. D. Veal,* for appellee.