DOUGHERTY COUNTY, plaintiff in error, *vs.* KEMP & HOOD, defendants in error.

Neither the judge of the superior court, nor the sheriff, has any power to make the county the bailee of a horse, nor is the county responsible for the loss of a horse bailed to an officer for the purpose of serving process and bringing in witnesses to testify in behalf of the state in criminal cases. The officer, while engaged in his legal duties, is not the agent or servant of the county, but of the law; and if engaged otherwise than in his legal duties, he is the servant of those who sent him.

County matters. Courts. Sheriff. Before Judge STROZER. Dougherty Superior Court. October Term, 1874.

Reported in the opinion.

D. H. POPE, for plaintiff in error.

STROZER & SMITH, for defendants.

BLECKLEY, Judge.

The sheriff and his deputy were owners of a livery stable. The superior court being in session, a witness for the state in

a criminal case on trial or about to be tried, was wanted. The presiding judge ordered the sheriff to furnish a horse and buggy, and send one of the bailiffs attending upon the court out some eighteen miles in the country, and bring in the witness at once. The sheriff objected on account of the heat of the weather, saying that it was dangerous to a horse to be driven at that time of day, and proposed to send at night, and have the witness present by the meeting of the court next morning. The judge persisted in his order, and the bailiff was sent at once by the sheriff, with a subpœna, after the witness, the horse and buggy used being the property of the sheriff and his deputy as livery-men. The horse took the scours, a disease almost sure to prove fatal if driving be kept up after the attack. The bailiff continued to drive, and the horse died in the road. The owners thereupon brought an action against the county for the value of the horse. The declaration is in the short form authorized by the Code in cases of open account, and the bill of particulars debits the county with "one horse, killed while in the service of the county, by over driving." At the trial, the court, in one part of the charge to the jury, laid it down as law that if the horse was driven by the bailiff in a way that caused death, the county would be liable. The jury found that the county was liable, and a motion was made for a new trial on alleged error in this principle of the charge, and because the verdict was contrary to the evidence and to law.

What is said in the head-note is enough to dispose of the case. The county is not liable.

Judgment reversed.