Ross, administrator, *et al. vs.* Byrd, guardian.

Where a son, by his guardian, filed a bill praying to have the will
of his deceased father construed so far as his rights were concerned,
that the administrator be instructed as to the management of the
estate, and be required to pay over to complainant, until the final
hearing, out of the income, what was necessary for the temporary
support and education of the son, an order requiring the payment
of a certain amount for those purposes was not a final judgment
which could be reviewed on writ of error ; and a bill of excep-
tions predicated thereon will be dismissed.

Practice in the Supreme Court.   February Term, 1880.

Reported in the decision.

DABNEY & FOUCHE; J. BRANHAM, for plaintiffs in
error.

WRIGHT & FEATHERSTON, for defendant.

WARNER, Chief Justice.

It appears from the record before us in this case, that
on the 22d of August, 1879, the complainant, Charles N.
Thompson, by his guardian, J. P. M. Byrd, filed his bill
against A. E. Ross, administrator *de bonis non*, with the
will annexed, of William R. Thompson, deceased, *et al.*,
in which he prayed that the will of his deceased father
might be construed and interpreted as to his rights under

it, as well as the rights and interests of other parties claiming under said will, and that the said administrator be directed and instructed as to his duties in the execution thereof by the judgment and decree of the court, and that until the final hearing of the cause said administrator might be required by an order of the chancellor to pay over to complainant out of the income of said estate what is necessary for his temporary support and education, as specified in the testator's will.   The chancellor required the parties to appear before him, and after hearing the evidence offered, passed an order that the administrator pay to the guardian of complainant the sum of $214.00 out of the income of the estate for the present year for his support and expenses at the school he is now attending at Dahlonega, and authorized the guardian to keep him there until the end of the present session of the school (to-wit) the 1st of February next, and not longer without further directions from the court.   To this order the defendants excepted and brought the case to this court.

When the case was called here the defendant in error made a motion to dismiss it on the ground that it was prematurely brought.   This was merely an interlocutory order of the chancellor in the cause ; the main cause is still pending in the court below.   The defendants should have entered their exception to the decision of the chancellor on the record, as provided by the 4250th section of the Code, and upon the final disposition of the cause in the court below, they could then have brought it here; but so long as the main cause was pending in the court below, the interlocutory order passed in the cause was prematurely brought here and must be dismissed.   Code, §4250.

Writ of error dismissed.