## MARKS *vs.* HERTZ.

1. Where a defendant in trover was arrested under bail process, and moved for a discharge under the act of August 11th, 1879, an order discharging him on his own recognizance, was not such a final judgment as could be brought up by writ of error. The proper remedy was by bill of exceptions *pendente lite*.
2. If a ruling of the court would work serious or irreparable injury to the party against whom it was made before the termination of the case, on a bill of exceptions *pendente lite*, the court should grant a *supersedeas* until the final disposition of the main cause.

Practice in the Supreme Court. Practice in the Superior Court. Trover. Judgment. Before Judge SNEAD. Richmond Superior Court. October Term, 1879.

Reported in the decision.

ADOLPH BRANDT; J. S. & W. T. DAVIDSON, for plaintiff in error.

FRANK H. MILLER, for defendant.

WARNER, Chief Justice.

This was an action of trover brought by the plaintiff against the defendant for the recovery of the possession of certain property therein described, in which the plaintiff made an affidavit requiring bail as provided by the 3418th section of the Code. The defendant was arrested by the sheriff, and pending the suit he petitioned the judge of the court for his discharge from imprisonment under the provisions of the act of August 11th, 1879. The judge, upon hearing the evidence as to the facts contained in the defendant's petition, discharged him upon his own recognizance, whereupon the plaintiff excepted, and brought the case up to this court.

When the case was called for a hearing here, the defendant in error made a motion to dismiss it on the ground

that it was prematurely brought, the original suit being still pending in the court below. This case comes within the ruling of this court in *Ross, administrator, vs. Byrd*, decided during the present term, not yet reported. See Code, §4250. It was insisted on the argument that unless the judgment of the court discharging the defendant upon his own recognizance, can be directly brought up to this court for review, that the plaintiff's remedy under the 3418th section of the Code will be worthless. The plaintiff could have filed his interlocutory bill of exceptions, as provided by the 4250th section of the Code, and as the judge has the power conferred upon him by the 247th section of the Code, to grant writs of *supersedeas*, we think it would be his duty to do so when an interlocutory bill of exceptions is certified and signed to the judgment of the court, which, in its effect, would operate as an unfavorable or serious injury to the party excepting to such judgment, to be operative until the final hearing and disposition of the main cause or suit, inasmuch as it is always the duty of the court to protect and secure all the rights of the parties before it, so far as the same can be done consistently with the rules of law.

Let the writ of error be dismissed.