HUTCHERSON *et al.*, commissioners, *vs.* ROBINSON.

82   783
f130  585

The sheriff of a county has no power to contract a county debt or engage the credit of the county for a conveyance, such as a hack, team and driver, for use by him in executing a warrant issued by the ordinary against a lunatic or insane person. The authority to incur and pay necessary expenses under a commission of lunacy is lodged with the ordinary.

May 15, 1889.

County matters.    Sheriffs.    Ordinary.    *Certiorari.*
Practice in Supreme Court.    Before Judge HARRIS.
Carroll superior court.    October adjourned term, 1888.

Reported in the decision.

REID & GROW, for plaintiffs in error.

GORDON & BROWN, *contra.*

BLECKLEY, Chief Justice.

The sheriff of Carroll county, having a warrant to
execute against a lady charged with lunacy, hired of
Robinson a hack, team and driver, telling him to debit
the county with the expense.    This was done without
authority from the ordinary or from the county commis-
sioners.    The bill was $4, and the commissioners refus-
ing to pay the same, Robinson brought his action
against them in their official capacity, and recovered,—
first by judgment of the magistrate, and again by the
verdict of a jury, in the magistrate's court.    The case
was carried by *certiorari* to the superior court, the error
alleged being, that under the facts there was no liability,
either upon the county or commissioners.    The *certiorari*
was overruled.

We think the sheriff had no legal power or authority
to make a contract of hiring and engage the credit of
the county for payment.    He was a mere ministerial
officer, and was not clothed by the law with any discre-
tion to create county debts.    Under the constitution of
1877, it is no easy matter to involve a county in debt,
though the amount be small.    Even before that consti-
tution was adopted, this court, in *Dougherty County ,vs.
Kemp*, 55 *Ga.* 252, held that the sheriff, while engaged
in his legal duties, is not the agent or servant of the
county, but of the law, and it was there ruled that even

under the order of the judge of the superior court he had no power to make the county the bailee of a horse, and that the county was not responsible for the loss of a horse bailed to an officer for the purpose of serving process. It is true that the code (§§1864, 1864a) declares that the expense of confining a lunatic shall be paid out of the county funds if the estate of the lunatic be insufficient for the purpose, and that in such event the ordinary shall draw his warrant upon the treasury of the county for such sum or sums as shall be actually necessary or requisite to defray the expense of trying a commission of lunacy, and of carrying or conveying the insane person to the lunatic asylum; but this does not contemplate that the sheriff or other ministerial officer shall be the judge of what expenses, if any, shall be incurred. On the contrary, that question is expressly confided to the ordinary. In the present case, the ordinary gave no warrant or permission for hiring the conveyance, nor has he ever ratified, confirmed or approved the act. The expenses contemplated are such as appertain to his court or his official proceedings, and he is to be the judge of whether they are actually necessary or not. No officer can incur expenses at the charge of the public, without some express permission of law so to do; and persons dealings with officers must take notice of the extent of their powers, and must abide the consequences of allowing them to transcend their powers in business transactions. The court erred in not sustaining the *certiorari*. There can be no recovery in the case; and as the question involved is one of law solely, the superior court is directed to make a final disposition of it, in conformity to the statute applicable to writs of *certiorari* of this class.

Judgment reversed.