## McLENDON *v.* CITY OF LaGRANGE.

1. Inasmuch as a provision in a city charter granted in 1856, exempting from municipal taxation property which, under the present constitution, can not be so exempted, conflicts with that instrument, such exemption was thereby abrogated.
2. If the rate of taxation imposed by a municipal corporation be uniform as to both realty and personalty, the mere fact that two methods of valuation, one applying to realty and the other to personalty, are adopted, does not render the scheme of taxation unconstitutional, so long as it has for its purpose the ascertainment of the true value of both classes of property in order that all of it may be taxed uniformly and on the ad valorem basis.

Submitted March 27, — Decided April 22, 1899.

Petition for injunction. Before Judge Harris. Troup, county. November 17, 1898.

*D. J. Gaffney* and *M. F. McLendon,* for plaintiff.
*Longley & Longley,* for defendant.

Lumpkin, P. J. The plaintiff in error, M. F. McLendon, excepted to the refusal of an injunction sought by him to restrain the municipal authorities of the City of LaGrange from

enforcing, by a sale of his property under execution, the collection of certain city taxes. The decision of this court is invoked upon two questions only, which we will dispose of in their order.

1. The plaintiff in error insists that a considerable portion of his property which the city authorities are seeking to subject to taxation is exempt under the act passed in 1856 to incorporate the City of LaGrange. It may be conceded that if this act was, as to the matter of municipal taxation, still of force, the position of McLendon would be sound. Counsel for the defendant in error say, however, that so much of the act of 1856 as exempted certain classes of property from municipal taxation was repealed by the act of March 4, 1875. (See Acts of 1875, p. 179.) In reply, the plaintiff in error contends that so much of this latter act as undertakes to repeal the exempting clause in the act of 1856 is, for certain reasons assigned, unconstitutional. It is unnecessary, however, to pass upon the constitutionality in these respects of the act of 1875; for the exemption clause in the charter of LaGrange was effectually and absolutely abrogated by that portion of the constitution of 1877 which declares that: "All laws exempting property from taxation, other than the property herein enumerated, shall be void." Civil Code, § 5886. The exemption claimed by McLendon was not kept in force by par. 4 of sec. 1, art. 12 of the constitution (Civil Code, § 5935), which preserves the validity of "local and private acts passed for the benefit of counties, cities," etc. That very paragraph explicitly declares that such local and private acts must not be inconsistent with the constitution, and all exemptions from taxation, save those only which are enumerated in the constitution itself (Civil Code, § 5884), are necessarily inconsistent with the clause of the constitution above quoted.

2. The other point insisted on by McLendon was, that the second section of the above-mentioned act of 1875 was unconstitutional, in that it provided for a board of assessors to assess and value for taxation real estate in the City of LaGrange, without making provision for the assessment in like manner of personalty, as to which, under the ordinances of the city, taxpayers were allowed to make their own returns. It was

contended that this section was violative of par. 1 of sec. 2, art. 7 of the constitution (Civil Code, § 5883), which declares that: "All taxation shall be uniform upon the same class of subjects, and ad valorem ·on all property subject to be taxed within the territorial limits of the authority levying the tax," etc. We do not think this point is well taken. If the rate of taxation be uniform on both realty and personalty, we fail to perceive how differences in the methods of ascertaining value can render the system unconstitutional, so long as the scheme adopted and pursued looks to the ascertainment of the true value of both classes of property, in order that it may be subjected to uniform and ad valorem taxation.

*Judgment affirmed.     All the Justices concurring.*