KILLIAN *v.* CHEROKEE COUNTY.

314

No. 7174.   October 18, 1929.

*Dorsey & Burtz,* for plaintiff in error.

*A. J. Henderson* and *Morris, Hawkins & Wallace,* contra.

HINES, J. (After stating the foregoing facts.)

■ It is insisted by the defendant that plaintiff was seeking and that the court granted a mandatory injunction, which can not be done by a court of equity in this State. It is undoubtedly true that a court of equity in this State can not by injunction compel a party to perform an act. It can only restrain the performance of acts in a proper case. Civil Code (1910), § 5499. So this court has held that "an interlocutory injunction which, if enforced, would result in the dispossession of the defendant and the admission of the plaintiff into the possession of the premises in controversy, is in legal effect a mandatory injunction, and the relief afforded by such injunctive order is not, under our law, within the proper scope of the writ of injunction." *Burns* v. *Hale;* 162 *Ga.* 336 (133 S. E. 857). While this is the general rule, injunctions may be granted to restrain trespassers from remaining or keeping their goods upon the premises of another. Where the relation between the parties is that of master and servant, and the term of service expires, it is the duty of the servant to leave the premises and to remove his goods therefrom; and where the servant insists on retaining possession of a house on the master's premises, which he occupied as such servant, and in entering on the land of the master and continuing to treat it as if his term of service had not expired, such conduct makes him a trespasser; and where such trespass is a continuing one, and an interlocutory injunction is granted, the essential nature of which is to restrain such a continuing trespass, it is not subject to objection as being mandatory in character, although it includes a restraint against the servant from remaining on or keeping his goods on the master's premises. *MacKenzie* v. *Minis,* 132 *Ga.* 323 (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723). In *Marshall* v. *Matthews,* 149 *Ga.* 370 (100 S. E. 103), this court held: "If an owner of a farm employs another person to superintend the farm, and, in order to facilitate the services to be rendered, provides a house on the farm in which the superintendent shall reside, and in addition to a monthly salary agrees that the superintendent shall use vegetables and other food products grown and produced on the farm, the relation of employer and employee arises, but the relation of landlord and tenant does not arise between them relatively to the house or the farm. If the employer discharges the employee, with or without cause, before the term expires, it is

the duty of the latter to leave the premises and remove his personal goods therefrom. If he refuses to do so and persists in continuing to stay on the premises and live in the house over the objection of the employer, he is a trespasser, and his continuing trespass may be enjoined." In this case the defendant was employed by Cherokee County to render certain services in connection with its chain-gang, and was furnished a house in which to live. His term of service expired on January 1, 1928; and if after the expiration of his term of service he continued to remain upon and cultivate the premises, he became a trespasser; and if he refused to remove therefrom and persisted in continuing to stay and live in the house over the objection of the employer, his continuing trespass was properly enjoined, unless the relation of employer and employee had terminated and the relation of landlord and tenant was thereafter created between him and the owner of the premises.

■ The defendant insists, however, that, pending his term of service, the county commissioner, who had charge and management of the affairs of the county, rented the premises in dispute to him for the remainder of the year 1928 and all of the year 1929. If a legal and enforceable contract of rental was entered into by the defendant and the county and he was in possession under such contract, then he was not a trespasser, and the grant of the injunction was erroneous. This brings us to determine whether the contract of rental set up by the defendant was a valid and enforceable one. The powers of all public officers are defined by law. Civil Code (1910), § 303. "Therefore no county officer can, in the absence of legislative authority to do so, make a contract binding on the county. *Hutcherson* v. *Robinson,* 82 *Ga.* 783 (9 S. E. 722); *Albany Bottling Co.* v. *Watson,* 103 *Ga.* 503 (30 S. E. 270); *Howard* v. *Early County,* 104 *Ga.* 669 (30 S. E. 880); *Turner* v. *Fulton County,* 109 *Ga.* 633 (34 S. E. 1024); *Town of Decatur* v. *DeKalb County,* [130 *Ga.*] 483 (61 S. E. 23)." *Ross* v. *Bibb County,* 130 *Ga.* 585 (61 S. E. 465). County commissioners can not sell or otherwise dispose of any public property, unless the same becomes unserviceable. Civil Code (1910), § 313; *Town of Decatur* v. *DeKalb County,* 130 *Ga.* 488 (supra). The county board can not, in the absence of statutory authority, make a lease of any part of the county property used or useful for county purposes. 7 R. C. L. 948. Contracts creating the relation of landlord and tenant can

not be made for any time exceeding one year, unless in writing. Contracts for a shorter period can be created by parol. Civil Code (1910), § 3693. All contracts with other persons in behalf of the county must be in writing and entered on the minutes of the proper county authorities. Civil Code (1910), § 386. If such contract is not in writing, it is not enforceable. *Weathers* v. *Easterling,* 153 *Ga.* 601 (2) (113 S. E. 152). The contract of rental in this case was one the term of which embraced the last four months of 1928, and the whole of the year 1929. The premises rented constituted a part of the convict camp of the county. They embraced cultivated land, which the chancellor was authorized to find was necessary for the production of food crops for the convicts working for the county. This contract of rental was not in writing. It was not spread upon the minutes of the county commissioner who made it. It was unenforceable and did not bind the county.

■ But it is insisted that the county received the fruits of this contract, and for this reason can not successfully defend because it was obtained by an ultra vires act of its officer. The evidence does not disclose that the county received any of the fruits of this contract during the year 1929. It only appears that the defendant claims to have rendered certain services for the county during the last six months of 1928, of the value of $60; but there is no evidence tending to show that he rendered any services for the county during the year 1929, or paid to the county any money on account of the rent of the property in dispute for the year 1929. So it does not appear that the county received any of the fruits of the contract from the defendant; and his contention is not well founded.

■ It is insisted that the injunction granted by the judge was a permanent one, which he was not authorized to grant upon an interlocutory hearing. The original order seemed to grant a permanent injunction; but the trial judge afterwards modified this order and made the injunction interlocutory. So this ground of exception is without merit.

■ Applying the foregoing rulings, the judge did not err in overruling the demurrer, and in granting an interlocutory injunction.        *Judgment affirmed.* *All the Justices concur.*