21156. HARRISON, comptroller-general *v.* SOUTHERN RAILWAY COMPANY.

DECIDED AUGUST 28, 1931. REHEARING DENIED SEPTEMBER 18, 1931.

*J. C. & H. E. Edwards,* for plaintiff.

*Wheeler & Kenyon,* for defendant.

BELL, J. In the year 1925, C. R. Brown, ordinary of Habersham county, the officer in charge of the fiscal affairs of the county, levied a tax of 12 mills "upon all taxable property in said county." At this rate the taxes due by Southern Railway Company would have amounted to $7,608.47. The railway company paid to the tax-collector $5,877.54, claiming that the levy was excessive and illegal to the extent of 2.73 mills, and refused to pay a remainder of $1,730.93 as claimed by the tax-collector in behalf of the county. The ordinary then conferred with counsel for the railway company, and made the contention that the tax levy as made by him was in every way legal and correct and that the railway company was liable for the entire amount assessed against it. The ordinary stated, however; that if the attorneys for the railway company would convince him that the levy was excessive, he would not require payment of the entire remainder, but would accept the additional sum of $1 per $1,000, or $634.04, in full and final settlement of all disputed items of taxes for the year 1925. This proposition was made by the ordinary, and was treated and accepted by the railway company, as a compromise offer, and the railway company then paid to the tax-collector the sum of $634.04,

which was received and accepted by that officer, under the direction of the ordinary, "in full settlement of all additional taxes due or claimed to be due for the calendar year 1925 on all property of Southern Railway Company in Habersham county." This purported settlement occurred on February 4, 1926, and no effort was made by the county of Habersham to collect any additional taxes under the tax levy of 1925 until June 14, 1929, when the county through its attorney demanded payment of the remainder of $1,-096.89. This payment being refused, the comptroller-general issued a fi. fa. against the railway company for the use of the county to recover this balance. The liability of the defendant under the fi. fa. was contested by affidavit of illegality. The trial judge overruled a motion to strike the affidavit of illegality, and, after hearing the evidence (a jury trial having been waived by both parties), made a finding and judgment in favor of the defendant, sustaining the affidavit. The comptroller-general excepted.

The court erred in not dismissing the affidavit of illegality. The ordinary had no authority to compromise the claim for taxes in favor of the county. The affidavit does not allege that the levy as originally made was in fact excessive, but asserts merely that the taxpayer made such a contention before the ordinary and then entered into an accord and satisfaction with him touching the amount of the tax due and payable. In other words, the taxpayer now raises no question as to the validity of the original tax levy, but stands solely upon the proposition that a prior controversy as to the proper amount of the tax was settled and determined by the payment of a substantial portion of the amount claimed, and that the agreement as thus made and executed amounted to a valid accord and satisfaction and ought to be an end of the matter. In these circumstances, it must be assumed that the original tax levy was valid and not excessive. *Blalock* v. *Adams,* 154 *Ga.* 326 (3) (114 S. E. 345). The ordinary, as the fiscal officer of the county, was authorized to make certain contracts in behalf of the county as prescribed by statute, but he had no authority to make a contract releasing a taxpayer from liability for a portion of the taxes actually and lawfully due by the taxpayer, notwithstanding any contention made by the taxpayer as to liability therefor, and the taxpayer could not by making such contention and paying a portion of the tax estop the county from proceeding in a law-

ful manner to collect the remainder. The taxpayer was charged with knowledge of the limitations upon the authority of the ordinary, and can not rely upon an accord and satisfaction to defeat the collection of a tax which is actually due. Any other rule would afford a dangerous opportunity for evasion of the tax burden, and could easily result in destroying the uniformity of the liability as intended by the fundamental law.

It is declared in the constitution that all taxes shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; and that all laws exempting property from taxation other than the property specifically enumerated shall be void. Civil Code (1910), §§ 6553, 6556, 6557. It has been held that where the generality of the taxpayers of a county have paid the taxes levied for a given year, and where an alleged default taxpayer against whom a fi. fa. has been issued interposes an affidavit of illegality attacking the tax levy upon the ground that it is excessive, the county authorities can not then lawfully amend the tax levy by reducing the levy as to one of the items and by adding the amount of such reduction to another and different item, notwithstanding the levy as thus amended may be brought within the limitations fixed by law. In such a case the amendment is in effect a new assessment against a single taxpayer, and the fact that the other taxpayers yielded to the illegal levy and paid the tax without protest furnishes no reason why the assessment may be shifted around so as to require from one taxpayer the same amount which had been *unlawfully* collected from the others. *Wright* v. *Southern Ry. Co.*, 137 *Ga.* 448 (77 S. E. 384); *Alabama Great Southern R. Co.* v. *Wright*, 34 *Ga. App.* 639 (130 S. E. 918). Conversely, where the taxpayers in general have paid a *lawful* tax according to a levy duly made in behalf of the county, a single taxpayer ought not to escape his share of the public burden by making some contention, even in the best of faith, and obtaining a reduction of his liability by a compromise or an accord and satisfaction in relation to the amount claimed.

The laws which authorize an ordinary, as fiscal officer, to make contracts in behalf of the county need not be enumerated. None of the statutes and decisions which might be cited in this con-

nection purport to vest or recognize any authority in that officer to make an agreement such as the taxpayer relies on in the present case, the enforcement of which would be contrary to the provisions of the constitution as to uniformity of taxation. There is one statute which on first impression might be regarded as a contradiction of this statement, and which therefore requires some notice and consideration. Section 526 of the Civil Code of 1910 is as follows: "In all cases where persons have been overtaxed, or for any other cause taxes are claimed to be remitted, refunded, or in any manner claimed against, the ordinaries shall be authorized to hear and determine such application to the extent of the interest of the county therein." This section seems to be a codification, with some changes, of the act of December 25, 1845, providing for the correction of errors in the tax digest (Ga. L. 1845, p. 52, Cobb's Digest (1851), p. 1077). It has appeared in its present form in all codes from that of 1863 to the present Code of 1910. If this statute should be construed as attempting to confer upon the ordinary the authority to compromise a valid tax claim in favor of the county, it is in conflict at least with the constitution of 1877, and, being a previous enactment, was superseded or repealed by that instrument. *Elder* v. *Collier,* 100 *Ga.* 342 (28 S. E. 116); *McLendon* v. *LaGrange,* 107 *Ga.* 356 (33 S. E. 405); *DeLamar* v. *Dollar,* 128 *Ga.* 57, 65 (57 S. E. 85); *Alexander* v. *Augusta,* 134 *Ga.* 849 (2), 853 (68 S. E. 704); and see also *Richards* v. *Armstrong,* 17 Utah, 166 (53 Pac. 981, 41 L. R. A. 407).

We do not say that the provisions of section 526 should not have been included in the Code. *Central of Georgia Ry. Co.* v. *State,* 104 *Ga.* 831 (5) (31 S. E. 531, 42 L. R. A. 518); *Hall* v. *Jeffreys-McElreath Co.,* 37 *Ga. App.* 581, 585 (140 S. E. 910). The section might, perhaps, be interpreted as imposing upon the ordinary some clerical or ministerial duty as to correcting errors in regard to taxes, but it can not be construed as conferring upon that officer the power to enter into a contract of compromise whereby a taxpayer is relieved of any portion of the taxes which have been lawfully assessed against him. Cf. *Phipps* v. *Morrow,* 49 *Ga.* 37. The provision of the constitution to the effect that the courts of ordinary shall have such powers in relation to roads, bridges, ferries, public buildings, paupers, county officers, county

funds, county taxes, and other county matters as may be conferred on them by law (Civil Code of 1910, § 6521) must be construed in connection with the other provisions of the constitution, and carries the implication that the courts of ordinary have no authority as to county matters except such "as may be conferred on them by law."

The railway company makes the point that the ordinary could not repudiate the agreement of attempted compromise, without restoring or offering to restore the amount of money paid to the tax-collector in pursuance of such agreement. There is no merit in this contention. Since the agreement was void for want of authority in the ordinary to make it, and since the amount paid by the railway company thereunder was actually due to the county as a part of the taxes for the year 1925, it was unnecessary that the money should be tendered back to the railway company before the issuance of an execution for the final balance claimed. *Henderson Warehouse Co.* v. *Brand,* 105 *Ga.* 217 (3) (31 S. E. 551); *Mackle Construction Co.* v. *Wyatt,* 29 *Ga. App.* 617, 621 (116 S. E. 877).

In further support of the proposition that the ordinary was without authority to make the agreement relied on by the railway company in this case, see Civil Code (1910), § 303; *Hutcherson* v. *Robinson,* 82 *Ga.* 783, 785 (9 S. E. 722); *State* v. *Southwestern Railroad,* 70 *Ga.* 11 (2); *Penitentiary Co.* v. *Gordon,* 85 *Ga.* 159 (8) (11 S. E. 584); *Ross* v. *Bibb County,* 130 *Ga.* 585 (61 S. E. 465).

The court erred in not dismissing the affidavit of illegality and allowing the fi. fa. to proceed.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*