### MENDENHALL *v.* STOVALL.

No. 13540. DECEMBER 5, 1940. REHEARING DENIED DECEMBER 18, 1940.

*John E. Feagin,* for plaintiff in error.    *A. E. Wilson,* contra.

DUCKWORTH, Justice.    ■    Although no motion is made in this court to dismiss the writ of error on the ground that the bill of exceptions is premature, we believe that question is close enough to warrant consideration by the court to determine our jurisdiction. The general rule is that no cause shall be carried to this court upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto. Code, § 6-701; *Ross* v. *Byrd,* 65 *Ga.* 41; *Marks* v. *Hertz,* 65 *Ga.* 119; *Lambert Hoisting Engine Co.* v. *Dexter,* 127 *Ga.* 581 (56 S. E. 778); *Burgess* v. *Simpson Grocery Co.,* 128 *Ga.* 423 (3) (57 S. E. 717). However, when equity cases require final judgments on separate issues, such judgments are reviewable by direct bills of exceptions while other issues made in the case are still pending in the court below. *Moody* v. *Muscogee Mfg. Co.,* 134 *Ga.* 721 (2) (68 S. E. 604, 20 Ann. Cas. 301); *Capital City Tobacco Co.* v. *Anderson,* 138 *Ga.* 667 (75 S. E. 1040). These rulings make it difficult to determine at once what constitutes a final judgment reviewable by a direct bill of exceptions before a judgment is rendered on all

issues in the trial court. Rulings on demurrers and on procedure may be adequately protected against by exceptions pendente lite, and if reversed on final review the losing party may again assert his rights without injury; but any ruling which deprives a party of his money or property and delivers it over to the other party, unless superseded, may easily do irreparable injury to such party. If the trial court would grant a supersedeas upon the filing of exceptions pendente lite to such rulings, then a review could await final judgment in the main case without doing injury to the party required to pay out his money. But a vital right of a litigant, in the absence of a statute controlling the same, must never be dependent upon the choice of the trial judge. Such protection must not be one of grace, but rather of absolute right. Therefore, as the only adequate protection against injury from such judgment, the losing party is entitled to a review by direct bill of exceptions and to supersede such order as provided in the Code, § 6-1002. In the present case, had plaintiff's counsel received the money awarded by the judgment under review, and had the defendant excepted pendente lite, and had this court reversed the judgment now excepted to, on review after final judgment in the main case, the defendant would have been confronted with the necessity of either collecting or losing his money. Hence it must be held that the plaintiff in error is entitled under the law to a review of the judgment complained of by direct bill of exceptions, although other portions of the case are yet undisposed of in the trial court.

■ Since no receiver has been appointed in the present case, Code, §§ 55-314 and 55-315, providing for attorney's fees in cases where a receiver has been appointed, have no application here. The Code, § 37-1105, relating to equity cases, declares: "Special verdicts may be found by the jury, and they may recommend to the court the assessment of costs upon the respective parties. It is the province of the judge, however, to determine upon whom the costs shall fall." In construing this section this court, in *Hamilton* v. *DuPre,* 103 *Ga.* 795 (30 S. E. 248), said: "While, in equity cases, 'it is the province of the judge . . to determine upon whom the costs shall fall,' he has no arbitrary power in this respect, but must exercise a sound discretion in deciding by whom the costs shall be paid." It was further held that it was an improper exercise of discretion and was reversible error to tax any portion of the

expenses of the litigation against a party "who was entirely free from either fault or liability." In *Peninsular Naval Stores Co.* v. *Culbreth,* 162 *Ga.* 474, 480 (134 S. E. 608), it was said: "The rule excludes arbitrary action by the judge, and an award taxing costs will be arbitrary and amount to an abuse of discretion where the award is contrary to law and equity and justice." From the authorities cited the conclusion is inevitable that the trial judge does not possess uncontrolled power to assess such costs. True he is vested with discretion, but, as ruled in *Peninsular Naval Stores Co.* v. *Culbreth,* supra, that discretion is abused when such costs are assessed arbitrarily and contrary to law and equity and justice. In the present case the judge acted solely upon the pleadings before him. Without requiring evidence to disprove the allegations in the answer, he was bound to accept such allegations as true. Under those allegations the plaintiff had not a penny in the assets of the partnership. No creditor was complaining or seeking payment. The defendant was entirely solvent, and the only possible result of the proceedings would be to impose upon the defendant an interference with his business and a loss of the expense of litigation. Even the petition of plaintiff makes no better case than a grievance of one plaintiff against a defendant, and no reason is alleged for compelling the defendant to pay the plaintiff's counsel. In *Mohr-Weil Lumber Co.* v. *Russell,* 109 *Ga.* 579 (2) (34 S. E. 1005), this court said: "No party is entitled to such an allowance out of the proceeds of property which he, for his exclusive benefit and to the injury of his adversary, causes to be placed in the hands of a receiver; nor can any party, except in cases of bad faith, stubborn litigiousness, and the like, charge against the opposite party as 'costs' attorney's fees incurred in litigation." In *Herndon* v. *Sheats,* 176 *Ga.* 199 (2) (167 S. E. 506), two croppers who were in prison brought proceedings for a receiver for the harvesting of their crops, and the landlord was appointed receiver. After harvesting and marketing the crops, the receiver made his report to the court showing expenses exceeding receipts in the amount of $59.26. A case was made on objections to the report, in which case verdict and judgment were entered, balancing all accounts. By a separate order the court directed that plaintiffs pay half of the costs of court, and that the defendant pay the other half. On the hearing of an application of the plaintiffs' attorney for fees for services rendered

in the case, the plaintiffs introduced no evidence, and the defendant testified that he had received no benefit from the receiver, and that the receiver had never had funds to which the plaintiffs were entitled. Judgment was rendered awarding a fee of $100 to the attorney, one half to be paid by the defendant, and the defendant excepted. This court held: "As against the defendant the judgment for one half of the attorney's fees was general, and was not restricted to payment from any funds in court, produced by the services of the attorney which were beneficial to the defendant. In the circumstances the defendant was not liable for any part of the attorney's fees." On the facts in the present case, as shown by the pleadings which constitute the only evidence upon which the judgment excepted to is based, the judgment was an abuse of discretion, and was contrary to law, equity, and justice. In *Eckford* v. *Borough of Atlanta,* 173 *Ga.* 650, 653 (160 S. E. 773), this court said: "The allowance of counsel fees from a fund is capable of great abuse, and should be exercised with the most jealous caution in regard to the rights of litigants, lest thereby the administration of justice be brought into reproach. In most cases it is better to leave those concerned to contract for the compensation to be paid for the services rendered or received." See *Christian Women's Benevolent Asso.* v. *Atlanta Trust Co.,* 181 *Ga.* 576 (4) (183 S. E. 551). *Judgment reversed. All the Justices concur, except*

GRICE, Justice, dissenting. While agreeing to the ruling in division 2 of the decision, which deals with the substantive law involved, I dissent, because of my conviction that the order excepted to is not such a final judgment as can be made the basis of a direct bill of exceptions; and accordingly the writ of error should be dismissed. See especially *Ross* v. *Byrd,* 65 *Ga.* 41, and *Marks* v. *Hertz,* 65 *Ga.* 119, cited in the opinion of the majority. It appears to me that this is an instance where "hard cases make bad law."