BLACK *v.* COUNTY OF FORSYTH *et al.*

No. 13939. MARCH 11, 1942.

*Wood & Spence,* for plaintiff.

*H. S. Brooks* and *John F. Echols,* for defendants.

ATKINSON, Presiding Justice.. 1. The act approved August 18, 1919 (Ga. L. 1919, p. 652), creating the board of commissioners of roads and revenues of Forsyth County was repealed by the act approved August 7, 1924 (Ga. L. 1924, p. 332), and it was provided in the repealing act that "all the powers and duties conferred upon said board of commissioners of roads and revenues of Forsyth County by said act approved August 18, 1919, together with all other provisions of the laws of this State in regard to the administration of county affairs, shall be vested in and discharged by the ordinary of Forsyth County."

2. The ordinary when sitting for county purposes, in counties whose fiscal affairs are not under the management and control of a statutory board of commissioners, has original and exclusive jurisdiction in the matter of "directing and controlling all the property of the county as he may deem expedient according to law" (Code,

§ 23-701), and "may by order to be entered on his minutes direct the disposal of any real property which may lawfully be disposed of, and make and execute good and sufficient title thereof on behalf of the county" (Ga. L. 1935, p. 110; Code Ann. § 91-602), provided that the property can not be used advantageously by the county in the exercise of its public functions. Code, §§ 91-803, 91-804; *Dyer* v. *Martin,* 132 *Ga.* 445, 449 (64 S. E. 475); *Killian* v. *Cherokee County,* 169 *Ga.* 313 (150 S. E. 158).

3. Under the foregoing laws, the ordinary of Forsyth County after passage of the amending act of 1935 (Ga. L. 1935, p. 110), had power in 1936 to lease directly to an individual the realty in question, for use in operating a filling-station, as it was then being and had been used since 1923, at an annual rental of one hundred dollars a year. And such a lease, having been so executed by the ordinary, was not void, as contended, on the ground that the lease was not authorized by law, or that the interest thereby created extended beyond the term of the ordinary then in office, or that it amounted to a commercial transaction in which the county was not authorized by law to engage. This ruling is not contrary to the decision in *Town of Decatur* v. *DeKalb County,* 130 *Ga.* 483 (61 S. E. 23), decided before passage of the act of 1935, supra, where it was held that the county did not have power to lease a part of the court-house square then in public service for a term of ninety-nine years, to be devoted to a use by the lessee inconsistent with the use in which it was employed by the county.

4. On application of the foregoing rulings to the pleadings in the instant case, the judge erred in sustaining the specified grounds of the defendant's demurrer, and dismissing the action.

*Judgment reversed. All the Justices concur.*