34876. MOORE *et al. v.* JOHNSON.

DECIDED NOVEMBER 18, 1953.

166

*Erle M. Donalson,* for plaintiffs in error.
*Custer & Kirbo, Charles H. Kirbo,* contra.

GARDNER, P. J. The plaintiffs objected to the admission in evidence of the instrument, originally signed by W. J. Moore as the landlord or lessor, and by the defendant as tenant, which instrument clearly stated that the landlord desired to let the farm premises to the defendant Johnson for five years; and they also objected to the testimony of one of the witnesses to this instrument, to the effect that the landlord stated in the presence of this witness and in the presence of the defendant and the other witness, the notary public Knighton, that he intended thereby to grant a five-year lease to the defendant, and desired to execute this writing so as to protect the tenant if anything should happen to him. It is true that there is a line drawn through the signature of Moore. The witness Shirah testified that the landlord stated, "I want him [the defendant] to have the use of it [the farm] for five years," and that was the reason he signed the instrument; and this witness further testified, "After Moore signed this paper, Fred Knighton [the other witness and notary public who drew the paper] struck through his name on it," stating that it was not necessary for Moore's name to be on it.

The intention of the parties shall govern, if such intention can be ascertained, and contravenes no rule of law. The cardinal rule of construing contracts is to ascertain the intention of the parties. See Code §§ 20-702, 20-703, 20-704. Under the facts presented by the record now before the court, this question was for the jury, and this evidence was not irrelevant and immaterial, and such testimony admitted in evidence and the purported contract were properly for the purpose of showing that it was the intention of the lessor Moore to grant to the defendant Johnson a five-year lease for the premises, and that there was a written contract to this effect.

A finding by the jury that W. J. Moore intended to give the defendant a lease to this farm for a term of five years, and that he gave such lease to him, as evidenced by the writing, is fully authorized by the evidence. A nephew of the deceased lessor testified that his uncle stated that he was renting the farm to Melvin Johnson, the defendant, for five years. The jury found in favor of the defendant, and this verdict was supported by the evidence. No error appears from the admission by the trial

court of the instrument, representing a note for the rent and a contract to rent for five years. This instrument had therein a provision that the tenant would keep the premises in repair. While it is true that a lease of land exceeding one year must be in writing (*Killian* v. *Cherokee County*, 169 *Ga.* 313, 150 S. E. 158; Code § 61-102), we think that the writing here, introduced to show such a contract, under the facts presented in this case, was sufficient for the jury to base their finding that there existed a five-year written contract of rental between the parties.

Under the view which we take of this case, the trial court did not err in charging the jury that it was for them to determine under all the facts "whether the instrument in question is a lease or not." The jury resolved this issue against the plaintiff, and there was evidence tending to show that this finding was in conformity with the law and with the intention of the deceased landlord.

It follows that the trial court did not err in denying the plaintiffs' motion for new trial as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*