18695, 18696.  FERGUSON *et al. v.* RANDOLPH COUNTY
*et al.;* and *vice versa.*

Argued September 13, 1954—Decided October 13, 1954.

*Jesse G. Bowles, Farkas, Landau & Davis,* for plaintiffs in error.

*Joe M. Ray, Walter E. Taylor, Jr., S. B. Lippitt,* contra.

Almand, Justice.  Albert Ferguson and others, alleging themselves to be residents and taxpayers of Randolph County, filed a petition against said county, certain named persons in their individual capacity and in their official capacity as Commissioners of the Board of Roads and Revenues of Randolph County, and M. D. Lovett doing business as Lovett Construction Company.  The petition charged that the defendant county had received from the State Highway Department numerous contracts for the construction of roads in said county, and that said commissioners had illegally contracted with one of its members, M. D. Lovett, who is doing business under the names of Lovett Construction Company and M. D. Lovett Construction Company, for the performance of the State Highway contracts, and during a period of 3 years had made payments to the said Lovett out of the moneys received from the Highway Department.  It was alleged that these contracts with M. D. Lovett had been

entered into illegally, and that what moneys were alleged to have been paid to the Lovett companies had been illegally paid out. The prayers of the original petition were for legal and equitable relief.

By a first amendment, the petitioners alleged that the wrongs complained of in the petition were the acts and doings of the defendant commissioners, and that it would be a needless and fruitless effort to request said commissioners to bring suit in the name of the county against themselves, and it was necessary to name Randolph County as a party defendant, as the petitioners cannot name Randolph County as a party plaintiff; and that said commissioners did on a given date pass a resolution authorizing the payment from county funds of $1,000 to two named persons as attorneys to represent the county in the defense of the present suit, and such action was illegal.

The defendants filed general and special demurrers to the original petition, and their demurrers and renewed demurrers to the amendments and to the petition as finally amended. The judge, upon a hearing of the demurrers to the petition as finally amended, passed an order, in which he recited: "It is hereby considered, ordered and adjudged, that the demurrers be, and they are hereby sustained, except the court is allowing and does hereby allow, the case to proceed to a hearing on the merits as to whether or not the plaintiffs are entitled to injunctive relief against the defendants, to prohibit the defendants from paying out funds in the future on certain uncompleted rural post roads contracts and/or State-aid road contracts, and for a determination by a jury as to whether or not the plaintiffs are entitled to a permanent injunction against the defendants to restrain the defendants from paying out funds to M. D. Lovett and/or Lovett Construction Company, for labor, services, materials, equipment used in performing the work under the contracts which are the subject matter either directly or indirectly, of the suit, and for a jury to determine the value of the services and use of the equipment, materials, supplies, etc., furnished by M. D. Lovett and/or Lovett Construction Company, that have been furnished heretofore in accordance with contracts with Randolph County, one of the defendants in the case; and for a determination as to whether the plaintiffs are entitled to injunctive relief to prohibit

Randolph County, acting by and through its board of commissioners, purchasing machinery and equipment in the name of Randolph County, thereby not paying any sales tax, and in turn selling such machinery and equipment to M. D. Lovett and/or Lovett Construction Company and not charging M. D. Lovett or Lovett Construction Company sales tax thereof."

The plaintiffs filed their bill of exceptions, wherein they assigned error "to this ruling wherein the general and special demurrers were sustained as shown in above order in part and petition dismissed as shown in above order," on the ground that said order was contrary to law. The bill of exceptions sets out a colloquy that took place between counsel for the parties and the court on the hearing of the demurrers before the court entered its written order thereon. The judge in certifying the bill of exceptions recites what took place on the hearing, and explained that, when he made reference to sustaining the demurrers, he stated that it was his purpose to sustain the general demurrers, except to allow the plaintiffs to proceed to a hearing on the merits of the case as to whether they were entitled to injunctive relief against the county and county authorities to keep them from paying out any funds on any uncompleted contracts in existence or that might be sublet, and that his reference to the special demurrers which he was sustaining was to the special demurrer to require the plaintiffs to attach copies of the highway-board contracts to the petition, which contracts were set out in the last amendment.

The defendants by a cross-bill of exceptions assign error on the court's refusal to sustain all the demurrers both general and special.

■ The first question before us for decision is whether or not the assignments of error in the main bill of exceptions are such as can be reviewed by a direct bill of exceptions. It is apparent from the ruling excepted to that the trial court did not sustain all general demurrers of the defendants and dismiss the petition, but sustained only those demurrers to that part of the petition which sought to recover a money judgment from named defendants, and overruled the demurrers in so far as they challenged the right of the plaintiffs to injunctive relief; and that it was the purpose of the order to permit the jury, on the trial, to deter-

mine the value of the services, supplies, equipment, etc., that had been furnished theretofore in accordance with contracts with Randolph County, and for determination by the jury as to whether the plaintiffs were entitled to injunctive relief to prohibit the county, acting through its board of commissioners, from purchasing machinery and equipment in the name of the county and not paying the sales tax, and subsequently selling the same to the defendant Lovett.

Code § 6-701 provides that no cause shall be carried to the Supreme Court by any bill of exceptions while the cause is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto. In *Mauldin* v. *Kendrick*, 192 *Ga.* 741 (16 S. E. 2d 555), to a petition praying for injunction and damages, a demurrer was interposed, upon which the judge entered an order as follows: "After hearing arguments of counsel upon the within demurrer, the said demurrer is sustained in so far as it attacks the equitable relief sought, and overruled in so far as the suit for damages is concerned." The plaintiff excepted to this order by direct bill of exceptions, and the only error assigned was on this ruling. It was held that the writ of error must be dismissed as being prematurely sued out, because the only ruling complained of was not a final disposition of the case. In *Robinson* v. *Georgia Power Co.*, 193 *Ga.* 51 (17 S. E. 2d 55), the plaintiff in a suit for injunction and damages to realty excepted directly to an order of the court which read, "It is ordered that the within and foregoing demurrer is hereby sustained, and all equitable relief sought is hereby stricken from the petition," and it was held that the bill of exceptions was premature, as it appeared that the order excepted to did not finally dispose of the case in the court below. In *Henderson* v. *Anderson*, 188 *Ga.* 118 (3 S. E. 2d 97), it was held that the mere striking on general and special demurrers of a part of the petition, where a complete cause of action remained for determination in the trial court, is a mere interlocutory judgment to which exceptions must be taken pendente lite, and is not reviewable until there is a final judgment or decree. For similar rulings, see *Stephens* v. *Haugwitz*, 167 *Ga.* 352 (145 S. E. 660); *Fickett* v. *Fuller*, 171 *Ga.* 190 (154 S. E. 784).

It is plainly apparent that the order entered by the trial court on the demurrers simply sustains the general demurrers as against that part of the petition which sought to recover a money judgment in favor of the defendant county against the defendant commissioners and M. D. Lovett doing business under his two trade names; and overruled those general demurrers which challenged the right of the plaintiffs to injunctive relief against the defendant commissioners and Lovett doing business in his trade names, and retained the case for trial on the question of injunction and the ascertainment of the value of the services and use of the equipment, material, supplies, etc., furnished by Lovett and his construction companies, and also whether or not the plaintiffs were entitled to injunctive relief to prohibit Randolph County, acting through the defendant commissioners, from purchasing machinery and equipment in the name of the county and in turn selling the same to Lovett and his construction companies and not charging a sales tax. In our opinion, the order excepted to was not a final order such as can be reviewed by a direct bill of exceptions.

The two cases relied on by the plaintiffs in error (*Bradley* v. *Lithonia & Arabia Mountain R. Co.*, 114 *Ga.* 741, 82 S. E. 138; *Mendenhall* v. *Stovall*, 191 *Ga.* 452, 12 S. E. 2d 589), are not contrary to what has been here ruled, and do not support their position. In the *Bradley* case, the petition sought an injunction to prevent the doing of several different acts. The demurrer of the defendant was sustained in part, and the petition dismissed except so much of it as sought relief on a few of the specified grounds. After hearing the evidence, the court denied an interlocutory injunction. The plaintiff filed exceptions pendente lite to the judgment sustaining the demurrer, and sued out a bill of exceptions, assigning error on the judgment refusing an interlocutory injunction, and upon the exceptions pendente lite. The court did not have before it the question of whether or not the exceptions to the ruling on demurrer were premature, or whether or not the ruling on demurrer was reviewable by direct bill of exceptions, and merely ruled that the ruling on demurrer was reviewable by writ of error and not by fast writ of error, and the case did not involve the question of whether or not the ruling on demurrer was reviewable by a direct bill of exceptions. The

ruling complained of in that case was a ruling on the denial of an interlocutory injunction, and on the exceptions pendente lite which were filed to the ruling on demurrer. In the *Mendenhall* case, it was sought to review an order of the court in a receivership proceeding allowing attorneys' fees to counsel for the plaintiff. Direct exceptions were taken to this order. This court overruled the motion to dismiss the writ of error on the ground that the case was premature, and held that the judgment on one of the substantial issues in an equity case, which if not superseded will work injury to the losing party, and which would not be completely cured by reversal, was reviewable by this court on a direct bill of exceptions while the other issues in the case were still pending in the trial court. In the instant case, the plaintiffs sought a money judgment and injunctive relief, which did not require separate trials, and the ruling, dismissing the case as to the legal relief sought and retaining it for trial on the issue made as to equitable relief, did not work any injury as against any property rights of the plaintiffs. The ruling in the *Mendenhall* case is not applicable to the present situation.

It follows from what has been said that the main bill of exceptions must be dismissed as being prematurely brought to this court.

■ The defendants by cross-bill of exceptions assign error on the ruling on their demurrers, asserting that the court "should have sustained each and all of the demurrers . . . to the plaintiffs' petition as amended for each and every reason stated in said demurrers, both general and special."

The order as entered by the court did not specifically recite that it had sustained any of the special demurrers, and from the judge's certificate to the cross-bill of exceptions it is apparent that the only special demurrer considered by him was the one that sought to require the plaintiffs to attach to their petition copies of the alleged contracts between Randolph County and the State Highway Department, and pursuant to that ruling the plaintiffs amended their petition by attaching copies of said contracts. It is clear that the court did not pass upon the special demurrers on the grounds of (a) multifariousness, (b) misjoinder of causes of action, (c) misjoinder of parties, (d) the right to make Randolph County a party defendant, or (e) to

seek equitable relief for the benefit of the county. So, we have before us only the question of whether or not the court erred in overruling the general demurrers, which asserted that the plaintiffs were not entitled to any equitable relief.

A general demurrer to an equitable petition will not be sustained if the facts alleged entitle the plaintiff to any of the substantial relief prayed for, and should be overruled if any part of the pleading is good in substance. *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (151 S. E. 5); *Sutton* v. *Adams,* 180 *Ga.* 48 (178 S. E. 365). A taxpayer may bring a suit against county officials to enjoin them from doing unauthorized or illegal acts. *Mitchell* v. *Lasseter,* 114 *Ga.* 275 (4) (40 S. E. 287); *Dancer* v. *Shingler,* 147 *Ga.* 82 (2) (92 S. E. 935); *McGinnis* v. *McKinnon,* 165 *Ga.* 713 (1) (141 S. E. 910). The petitioners in the instant case charged that the county commissioners had illegally contracted with one of their members for the performance of contracts for the construction of roads in said county which they had received from the State Highway Department, which contracts had not been entered on the minutes of the board of county commissioners, and were for various reasons alleged void and illegal; and prayed that the commissioners be restrained and enjoined from paying out funds in their hands to such member. If such contracts are not in writing and entered on the minutes of the proper county authority, they are not enforceable. Code § 23-1701; *Killian* v. *Cherokee County,* 169 *Ga.* 313 (2c) (150 S. E. 158).

Under an act of the General Assembly of 1937 (Ga. L. 1937, p. 912), as amended in 1949 (Ga. L. 1949, p. 276; Code, Ann. Supp., § 95-2217), the State Highway Department is authorized to contract with counties for the construction of roads, but such contracts "shall not be sublet or transferred to any other person, firm or corporation, but shall be performed by the counties with convict labor or county forces, and not otherwise." The petition in the instant case charges that the defendant commissioners, without any written contract, or any contract entered on their minutes, let the contracts to the two defendant companies. The contracts between the State Highway Department and Randolph County, attached to the amended petition, recited that the county should perform the work under the contracts, and that

the contracts could not be sublet or transferred to any other person, firm or corporation. Regardless of the other questions raised by the general demurrers, the petition distinctly charges that the defendant commissioners entered into contracts with Lovett, doing business under his trade names, for the construction of roads, which contracts were not in writing or entered on the minutes of the board, and in violation of the act of 1937 as amended in 1949, and in violation of the contracts between the State Highway Department and Randolph County. The petition was sufficient as against the general demurrers to set out a cause of action for injunctive relief, and the court did not err in overruling the general demurrers on the ground that the petition did not set forth a cause of action for any equitable relief. Since the trial judge did not pass upon any of the special demurrers other than the one mentioned in his order, and no error is assigned on his failure to rule on the special demurrers (*Shingler* v. *Shingler*, 184 *Ga.* 671 (1), 192 S. E. 824; *Tingle* v. *Maddox*, 186 *Ga.* 757 (1) 198 S. E. 722), and these other grounds of demurrer are still open in the trial court, we will not rule on any of them.

*Main bill of exceptions dismissed; judgment on the cross-bill affirmed. All the Justices concur.*