## 55021. LASKY v. FULTON COUNTY.

QUILLIAN, Presiding Judge.
Plaintiff brought this action against Fulton County seeking to recover her jewelry valued at over $20,000. The jewelry was originally taken from the plaintiff's apartment, recovered by the police and kept in the Sandy Springs Police Department for use as evidence. The jewelry disappeared from the custody of the Fulton

County Police Department and has not been recovered.

The defendant, after answering the plaintiff's complaint, filed a motion for judgment on the pleadings based on the defendant's reliance upon the doctrine of sovereign immunity. After a hearing, the trial judge granted the defendant's motion and dismissed the plaintiff's complaint. Appeal followed. *Held:*

Code § 23-1502 provides: "A county is not liable to suit for any cause of action unless made so by statute." For a thorough discussion of the present status of sovereign immunity in Georgia, see *Dept. of Human Resources v. Briarcliff Haven,* 141 Ga. App. 448 (233 SE2d 844); *Revels v. Tift County,* 235 Ga. 333 (219 SE2d 445); *Health Facility Investments, Inc. v. Ga. Dept. of Human Resources,* 238 Ga. 383 (233 SE2d 351).

The plaintiff contends that she is not barred by sovereign immunity since the county, in effect, entered into a bailment agreement with her with regard to the property in question. It is urged that a county may always be sued for breach of a valid contract, citing *Decatur County v. Praytor, Howton &c. Co.,* 163 Ga. 929 (137 SE 247). See also *Washington County v. Sheppard,* 46 Ga. App. 240 (1) (167 SE 339); *Hancock County v. Williams,* 230 Ga. 723, 724 (198 SE2d 659).

In order to establish the existence of a contractual arrangement the guidelines of Code § 23-1701 must be met. It is there provided: "All contracts entered into by the ordinary with other persons in behalf of the county shall be in writing and entered on his minutes." Under that section, if the contract is not in writing and not entered on the proper minutes, it is not enforceable. *Hatcher v. Hancock County Commrs.,* 239 Ga. 229 (2) (236 SE2d 577) and cits. Here, it is obvious that the plaintiff made no effort to come within the above provisions. Moreover, the police did not have the power to enter into a bailment with the plaintiff so as to make the county responsible for the loss. *Dougherty County v. Kemp & Hood,* 55 Ga. 252; *Hutcherson v. Robinson,* 82 Ga. 783 (9 SE 722). Hence, the trial judge did not err in granting the defendant's motion predicated on sovereign immunity.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

Argued January 10, 1978 — Decided March 2, 1978.

*William I. Crosby, Beth Lanier,* for appellant.
*Webb, Young, Daniel & Murphy, David E. Betts,* for appellee.